Ashley Farrell Pickett (SBN 271825)
Bryan W. Patton (SBN 294910)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Email: farrellpicketta@gtlaw.com
          pattonbw@gtlaw.com
TEL: 310-586-7700
FAX: 310-586-7800

Attorneys for Defendant
WEST BRANDS, LLC, VERY GOOD TOURING, INC. AND
KANYE WEST

BRITANY M. ENGELMAN (SBN:  238618)
**ENGELMAN LAW, APC**
bme@engelmanlawfirm.com
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Tel:  (310) 424-5889
Fax: (310) 693-5480

Attorneys for Defendant, AJR FILMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MICHAEL PEARSON, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br>     v.<br><br>West Brands, LLC, a Delaware limited liability company; Very Good Touring, Inc., a California corporation; Kanye West, an individual; AJR Films Inc., a California corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO. 2:21-cv-5022<br><br>**DEFENDANTS' JOINT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332(d) AND 1453**<br><br>FAC FILED:  March 29, 2021<br>ACTION REMOVED: June 21, 2021 |

NOTICE OF REMOVAL FROM STATE COURT

# <u>TABLE OF CONTENTS</u>

**Page**

RELEVANT PROCEDURAL HISTORY ........................................................1

ALLEGATIONS OF THE COMPLAINT ......................................................2

SERVICE ON THE STATE COURT ...........................................................4

VENUE .........................................................................................................4

TIMELINESS ...............................................................................................4

ORIGINAL JURISDICTION UNDER CAFA.............................................5

    The Proposed Class Contains At Least 100 Members. ............................5
    Defendants Are Not A State, State Official, Or Other Governmental Entity. ..........6
    The Amount in Controversy Exceeds $5,000,000. ................................6
    Diversity of Citizenship.............................................................9

NO ADMISSION.........................................................................................12

CONCLUSION ...........................................................................................12

---

NOTICE OF REMOVAL FROM STATE COURT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aguilar v. McKesson Corp.*,
No. 1:16-CV-00308-LJO-SKO, 2016 WL 2616529 (E.D. Cal. May 6, 2016) ...................................................................................................11

*Campbell v. Vitran Exp., Inc.*,
471 F. App'x 646 (9th Cir. 2012) .........................................................6

*Cortez v. United Nat. Foods, Inc.*,
No. 18-cv-04603-BLF, 2019 U.S. Dist. LEXIS 31540 (N.D. Cal. Feb. 27, 2019) ....................................................................................................8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014)........................................................................1, 7

*Ehrman v. Cox Communs., Inc.*,
932 F.3d 1223 (9th Cir. 2019) ............................................................10

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
899 F.3d 785 (9th Cir. 2018) .............................................................8

*Gilbert v. David*,
235 U.S. 561 (1915).........................................................................9

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)......................................................................1, 10

*Janis v. Health Net, Inc.*,
472 F. App'x 533 (9th Cir. 2012) .........................................................1

*Johnson v. Columbia Props. Anchorage, LP*,
437 F.3d 894 (9th Cir. 2006) .............................................................10

*Jordan v. Nationstar Mortg. LLC*,
781 F.3d 1178 (9th Cir. 2015) .............................................................7

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .............................................................9

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ...................................................................6

*Korn v. Polo Ralph Lauren Corporation*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ...............................................................6

*Lara v. Trimac Transp. Servs. (W.) Inc.*,
   CV 10-4280-GHK JCX, 2010 WL 3119366 (C.D. Cal. Aug. 6, 2010) ..............6

*McCabe v. Gen. Foods, Inc.*,
   811 F.2d 1336 (9th Cir. 1987) ............................................................................2

*Rippee v. Boston Market Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) .................................................................6

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
   720 F.3d 1121 (9th Cir. 2013) ............................................................................4

**Federal Statutes**

28 U.S.C. § 1332(c)(1) ...............................................................................................10

28 U.S.C. § 1332(d) ...............................................................................................1, 5

28 U.S.C. § 1332(d)(1)(B) ...........................................................................................5

28 U.S.C. § 1332(d)(2) .................................................................................................9

28 U.S.C. § 1332(d)(6) .................................................................................................7

28 U.S.C. § 1332(d)(7) ...............................................................................................11

28 U.S.C. § 1441(a) ..............................................................................................2, 4, 5

28 U.S.C. § 1441(b)(1) ...............................................................................................11

28 U.S.C. § 1446 ..........................................................................................................5

28 U.S.C. § 1446(a) .....................................................................................................2

28 U.S.C. § 1446(b)(1) .................................................................................................5

28 U.S.C. § 1446(b)(3) .................................................................................................5

28 U.S.C. § 1446(d) .....................................................................................................4

28 U.S.C. § 1453 ..........................................................................................................1

iii

28 U.S.C. § 1453(a) ............................................................................5

28 U.S.C. § 1453(b) ............................................................................5

**State Statutes**

Cal. Labor Code § 203 ....................................................................7, 8

Cal. Labor Code § 203(a) ...................................................................7

**Rules**

Fed. R. Civ. P. 23 ...............................................................................4

NOTICE OF REMOVAL FROM STATE COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, Defendants West Brands, LLC; Very Good Touring, Inc.; Kanye West; and AJR Films, Inc. (collectively, "Defendants") hereby remove the above-captioned putative class action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. Defendants deny the allegations and relief sought in the First Amended Complaint ("FAC"), and file this Notice without waiving any defenses, exceptions, or obligations that may exist in Defendants' favor. Defendants do not concede, and specifically reserve, their rights to contest the suitability of this lawsuit, including for certification as a class action. Defendants will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.[1]

## RELEVANT PROCEDURAL HISTORY

1. On August 20, 2020, Plaintiff Michael Pearson ("Plaintiff"), individually and on behalf of all others similarly-situated, filed a Class Action Complaint against Defendants West Brands, LLC and AJR Films Inc., as well as now-dismissed parties Sayven Entertainment Corporation and Mill Ticket Entertainment LLC, captioned *Michael Pearson v. West Brands, LLC et al.*, Case No. 20STCV31684, in the Superior Court of California, County of Los Angeles ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

2.      On March 29, 2021, Plaintiff filed his First Amended Complaint, which dismissed defendants Sayven Entertainment Corporation and Mill Ticket Entertainment LLC and added additional defendants Very Good Touring, Inc. and Kanye West. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit B**.

3.      As required by 28 U.S.C. § 1446(a), Defendants are attaching true copies of all other process, pleadings, and orders served upon Defendants in the State Court Action as **Exhibit C**.

4.      Defendants West Brands, LLC; Very Good Touring, Inc.; Kanye West; and AJR Films, Inc. are the only defendants named in the State Court Action. The defendants designated as DOES 1 to 50 are fictitious defendants, are not parties to the action, have not been named or served, and are properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## ALLEGATIONS OF THE COMPLAINT

5.      In the First Amended Complaint, Plaintiff seeks to pursue his claims on behalf of one proposed class and seven proposed subclasses. (FAC, Ex. B at 033, ¶¶ 26-27.)

a.      Plaintiff defines his proposed class to include: "All non-exempt performers, vocalist, crewmembers, or other persons in California who worked for Defendants at a predetermined wage regardless of the hours worked." (*Id*. at 033, ¶ 26.)

b.      Plaintiff also proposes the following subclasses:

- **Minimum Wage Subclass**: all current and former employees who worked one or more shifts and were not paid their minimum wages;

- **Overtime Subclass**: all current and former employees who worked one or more shifts in excess of eight (8) hours in a day;

- **Rest Break Subclass**: all current and former employees who worked one or more shifts of three and one-half (3.5) hours or more or, in the case of Extra Players under Wage Order No. 12-2001, all current and former employees who worked one or more shifts of four (4) hours or more;

2

- **Meal Period Subclass**: all current and former employees who worked (i) at least one shift in excess of five (5) hours, and/or (ii) at least one shift in excess of ten (10) hours, or in the case of Extra Players under Wage Order 12-2001, all current and former employees who worked (i) at least one shift in excess of six (6) hours, and/or (ii) at least one shift in excess of twelve (12) hours;

- **Wage Statement Subclass**: all current and former employees who received a payment of wages;

- **Waiting Time Penalty Subclass**: all former non-exempt employees who separated from their employment with Defendants; and

- **Misclassification Subclass**: all current and former independent contractors who worked one or more shifts.

(*Id.* at 033-034, ¶ 27(a)–(g).)

6.     Plaintiff asserts that he and "hundreds of other on-stage performers and vocalist[s] (collectively, 'Performers')" were hired by Defendants in November 2019 "to train, rehearse, and perform in a live opera by Kanye West entitled 'Nebuchadnezzar,' which took place on November 24, 2019 at the Hollywood Bowl.[2]" (*Id.* at 031, ¶ 15.)

7.     Plaintiff asserts that "Defendants uniformly subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code." (*Id.* at 034, ¶ 29.) Plaintiff further contends that "Defendants' systematic course of illegal policies and practices . . . were applied to all non-

---

[2] Although Plaintiff does not even attempt to factually plead allegations beyond the single Nebuchadnezzar Opera event, he explicitly seeks to represent a broad class of persons who never worked this event. (*Id.* at 033, ¶ 26.)  Specifically, Plaintiff seeks to represent all persons in California who, at any point during the last four years and nearly ten months, worked for any of the Defendants—at any event or in any other context— for a predetermined wage.  (*Id.*)  While this CAFA removal considers only to Performers at the Nebuchadnezzar Opera event in assessing putative class size and amount in controversy, the actual numbers placed in controversy by the FAC are higher.

NOTICE OF REMOVAL FROM STATE COURT

exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code." (*Id*. at 034, ¶ 30.)

8.    Based on these allegations, Plaintiff asserts eight claims for alleged (i) failure to pay minimum wages; (ii) failure to pay overtime wages; (iii) failure to provide rest breaks; (iv) failure to provide meal periods; (v) failure to provide itemized wage statements; (vi) failure to timely pay wages at termination; (vii) violation of the Private Attorneys General Act; and (viii) Unlawful and Unfair Business Practices. (*Id*. at 037-044, ¶¶ 47–83.)

9.    The FAC further seeks damages, statutory penalties, attorney's fees, interests, and costs of suit. (*Id*. at 044-045, Prayer for Relief ("Prayer").)

10.    Defendants deny any liability to Plaintiff or to the putative class he seeks to represent, and deny that Plaintiff or the putative class members are entitled to recover the damages or other relief requested in the FAC. Defendants also submit that this action does not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23 or state law.

## SERVICE ON THE STATE COURT

11.    As required by 28 U.S.C. § 1446(d), Defendants will promptly file with the Clerk of the Los Angeles Superior Court and serve on all parties a copy of this Notice of Removal.

## VENUE

12.    The State Court Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a).

## TIMELINESS

13.    CAFA removal is timely so long as (1) the face of the complaint does not plainly allege all elements required under CAFA (including the amount in controversy), and (2) plaintiff has not served some other "paper" that concedes all elements needed for diversity jurisdiction. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–

26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) or (b)(3)).

14. This removal is timely. The face of the Complaint does not allege all elements needed for CAFA jurisdiction (including the amount in controversy), and Plaintiff has not served some other "paper" that concedes all of the required elements.

## ORIGINAL JURISDICTION UNDER CAFA

15. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a). Specifically, this is a putative civil class action wherein: (1) the proposed class contains at least 100 members; (2) no defendant is a state, state official or other governmental entity; (3) the total amount in controversy for all putative class members exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (4) there is diversity between at least one putative class member and one Defendant. Therefore, CAFA authorizes the removal of this action in accordance with 28 U.S.C. § 1446.

16. This action satisfies CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a), (b).

## The Proposed Class Contains At Least 100 Members.

17. Plaintiff seeks to represent a class of "All non-exempt performers, vocalist, crewmembers, or other persons in California who worked for Defendants at a predetermined wage regardless of the hours worked." (Ex. B at 033, ¶ 26.) Plaintiff also seeks to represent eight subclasses, including an "Overtime Subclass" consisting of "all current and former employees who worked one or more shifts in excess of eight (8) hours in a day." (*Id.* at 033, ¶ 27(b).) Plaintiff alleges that this Overtime Subclass consists of at least all Performers—defined as all on-stage performers and vocalists working on the Nebuchadnezzar Opera—because "Defendants dismissed Plaintiff and the other

Performers after over eight (8) hours of work on November 23, 2019." (*Id.* at 031, ¶ 15; 032, ¶ 19.)

18.    There were in excess of 100 Performers—as defined by the FAC—working on the Nebuchadnezzar Opera.  Moreover, Plaintiff alleges that there were "hundreds" of Performers working on the Nebuchadnezzar Opera (*Id.* at 031, ¶ 15.)

19.    Although Defendants will contest the propriety of class certification, the proposed classes that Plaintiff seeks to certify meet the CAFA proposed class size requirement.

**Defendants Are Not A State, State Official, Or Other Governmental Entity.**

20.    Defendants are not a state, state official, or other government entity.

**The Amount in Controversy Exceeds $5,000,000.**

21.    As an initial matter, Defendants in no way concede they have any liability to Plaintiff or to the putative class or are even properly named parties to this lawsuit, and deny that Plaintiff or the putative class members are entitled to recover the damages, statutory penalties, attorney's fees, interests, and costs of suit or any other requested relief in the FAC.

22.    That said, the amount in controversy "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corporation*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). When measuring the amount in controversy, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Further, defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *See Lara v. Trimac Transp. Servs. (W.) Inc.*, CV 10-4280-GHK JCX, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("affirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-

controversy is actually less than the jurisdictional minimum.").

23.     Under 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." "Congress and the Supreme Court have instructed [courts] to interpret CAFA's provisions under section 1332 broadly in favor of removal," *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015), and "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin*, 574 U.S. at 89.

24.     **Statutory Penalties Pursuant to Labor Code § 203.** Plaintiff seeks statutory penalties under California Labor Code § 203, which provides that "if an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Labor Code § 203(a). Plaintiff seeks these penalties on behalf of "all former non-exempt employees who separated from their employment with Defendants"—the "Waiting Time Penalty Subclass," and pursues these penalties for alleged failures to provide minimum wages, overtime wages, meal periods, and rest periods. (FAC, Ex. B at 033, ¶ 27(f), Prayer ¶¶ 4, 5, 7.) Plaintiff contends that all Performers—defined as all on-stage performers and vocalists working on the Nebuchadnezzar Opera—were employed by Defendants and worked at least one shift in excess of eight (8) hours without being paid overtime wages. (*Id.* at 031, ¶ 15; 032, ¶ 19.) As such, under Plaintiff's allegations, all Performers are owed overtime wages, and would thus be owed statutory penalties under Labor Code § 203.

25.     Taking these allegations as true, and pursuant to Labor Code § 203, this places in controversy 30 days' wages for each Performer at the Nebuchadnezzar Opera. Based on review of records, there were in excess of 630 Performers working at the Nebuchadnezzar Opera who since separated from Defendant(s). Further, based on review of Defendant(s)

company records, the average amount earned by each such Performer per day was in excess of $265. As such, Plaintiff's claim for statutory penalties pursuant to Labor Code § 203 places more than $5 million in controversy as follows: 630 Performers x $265 per day x 30 days= **$5,008,500**.

26. <u>Attorneys' Fees through the Life of the Litigation</u>. Although the amount in controversy threshold is satisfied based solely on the statutory penalties Plaintiff seeks, Plaintiff also pursues class-wide recovery of attorneys' fees. (FAC, Ex. B, Prayer ¶ 10.) The amount in controversy includes all reasonable attorneys' fees not merely through the date of removal, but through resolution of the action. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

27. Based on experience, the pendency of this action, the scope of the action, and the issues raised by the pleading, Defendants reasonably estimate that Plaintiff's counsel will seek to recover up to six figures in fees in this action, or more. Further, although not applied as a per se rule, the 25% benchmark is typically applied by courts in this Circuit to assess the amount in controversy in these types of cases. *See, e.g.*, *Cortez v. United Nat. Foods, Inc.*, No. 18-cv-04603-BLF, 2019 U.S. Dist. LEXIS 31540, at *23 (N.D. Cal. Feb. 27, 2019) ("While the Court acknowledges the 25% benchmark does not automatically apply in all cases, the benchmark need only be adjusted when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors. Plaintiff does not raise any factors counseling against the application of the 25% benchmark, nor does the record before the Court reflect that a departure from this benchmark is warranted. In the Court's experience, this appears to be a typical wage and hour class action to which courts in this Circuit would likely apply the 25% benchmark rate."). Using the same 25 percent estimate, based on the amount placed in controversy solely by Plaintiff's claim for statutory penalties under California Labor Code § 203, Plaintiff's request for attorneys' fees places an additional **$1,252,125** in controversy: $5,008,500 x 25% = $1,252,125.

28. <u>Plaintiff's Remaining Claims.</u>  Although the previously discussed waiting

time penalty claim alone demonstrates that the amount in controversy requirement is exceeded, Plaintiff pleads additional claims for (i) failure to pay minimum wages; (ii) failure to pay overtime wages; (iii) failure to provide rest breaks; (iv) failure to provide meal periods; and (v) failure to provide itemized wage statements—all of which place additional amounts in controversy.  Moreover, Defendants' aforementioned calculations are premised solely on the Performers at a single event—the Nebuchadnezzar Opera. Plaintiff's class definition, however, is not so limited—attempting to pursue claims on behalf of a broad group of persons well-beyond the Nebuchadnezzar Opera.  (FAC, Ex. B at 033, ¶ 26.)  Although impossible to quantify as the FAC wholly fails to even attempt to factually allege a violation beyond the Nebuchadnezzar Opera, Plaintiff explicitly seeks to represent a broad class of persons who never worked this event. (*Id.*)  Specifically, Plaintiff seeks to represent all persons in California who, at any point during the last four years and nearly ten months, worked for any of the Defendants—at any event or in any other context—for a predetermined wage.  (*Id.*)  While this CAFA removal considers only the Performers at the Nebuchadnezzar Opera event in assessing putative class size and amount in controversy, the actual amount placed in controversy by the FAC is higher.

29.    As demonstrated, the amount in controversy in this action exceeds $5,000,000.

**Diversity of Citizenship**

30.    CAFA's minimum diversity requirement is satisfied when at least one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

31.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

32.    Defendants are informed and believe that Plaintiff is a California citizen and not a citizen of the State of Wyoming.

33.    For diversity purposes, a corporation "shall be deemed to be a citizen of every

9

State and foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp.*, 559 U.S. at 91. A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.* at 81.

34.     At the time the State Court Action was filed, at the time of the filing of the FAC, and at the time of removal, Defendant AJR Films, Inc. was, and still is, incorporated in the State of California with its principal place of business in the State of California. Thus, Defendant AJR Films, Inc. is a citizen of the State of California, where it is incorporated and where it has its principal place of business.

35.     At the time the State Court Action was filed, at the time of the filing of the FAC, and at the time of removal, Defendant Very Good Touring, Inc. was, and still is, incorporated in the State of California with its principal place of business in the State of California. Thus, Defendant Very Good Touring, Inc. is a citizen of the State of California, where it is incorporated and where it has its principal place of business.

36.     At the time the State Court Action was filed, at the time of the filing of the FAC, and at the time of removal, Defendant Kanye West was, and still is, domiciled in Wyoming where he intends to remain indefinitely.  As such, Defendant Kanye West is a citizen of the State of Wyoming.

37.     For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant West Brands, LLC is comprised of one member, Kanye West.  At the time the State Court Action was filed, at the time of the filing of the FAC, and at the time of removal,  Kanye West was, and still is, domiciled in Wyoming where he intends to remain indefinitely, and is therefore a citizen of the State of Wyoming.  Thus, Defendant West Brands, LLC is a citizen of the State of Wyoming.

///

NOTICE OF REMOVAL FROM STATE COURT

38.     Doe defendants are disregarded when determining diversity jurisdiction for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, No. 1:16-CV-00308-LJO-SKO, 2016 WL 2616529, at *2 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

39.     For CAFA removal, "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7).

40.     Whether measured as of the date of the filing of the State Court Action or the FAC, minimal diversity is satisfied.

41.     Though more is not needed, at the time of the filing of the State Court Action and the FAC, one or more members of the putative class were and are citizens of a state other than California.

42.     At least one putative class member was a citizen of a state different from any Defendant at the time of the filing of the State Court Action, at the time of the filing of the FAC, and at the time of this removal.  For example, a putative class member worked as a Performer in the Nebuchadnezzar Opera on November 23, 2019 and November 24, 2019 and was paid $250 for his work on November 23, 2019 and paid $250 for his work on November 24, 2019.  This putative class member has lived in Maryland for over 10 years where he is currently employed as a healthcare worker.  He has a driver's license issued by the State of Maryland, has a bank account in Maryland, is registered to vote in Maryland and does not rent any type of housing in California, nor does he own any real or personal property in the State of California.  Above all, he intends to remain in the State of Maryland for the foreseeable future and considers himself to be a citizen of the State of Maryland

and not the State of California.

43.    Although diversity among the parties is already satisfied, the diversity between Defendants and this putative class member further supports this removal. As Defendants AJR Films and Very Good Touring are citizens of the State of California and Defendants Kanye West and West Brands, LLC are citizens of the state of Wyoming, and at least one putative class member is a citizen of the State of Maryland and not the States of California or Wyoming, CAFA's minimal diversity requirement is met.

## NO ADMISSION

44.    By this filing, Defendants do not admit any liability to Plaintiff or to the putative class members he seeks to represent, concede the accuracy of Plaintiff's allegations, admit Plaintiff is an adequate class representative for the putative class she seeks to represent, or concede Plaintiff or the putative class members are entitled to any of the relief sought in the Complaint or FAC, or any relief of any kind. Defendants also in no way admit the instant action satisfies the requirements for class certification.

## CONCLUSION

45.    As Defendants have shown in this Notice of Removal and supporting documents, this lawsuit meets CAFA's requirements. Wherefore, the State Court Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

DATED:  June 21, 2021                    GREENBERG TRAURIG, LLP


By:    /s/ Ashley Farrell Pickett
       Ashley Farrell Pickett
       Bryan W. Patton
       Attorneys for Defendants
       West Brands, LLC; Very Good Touring, Inc.; and
       Kanye West

DATED:  June 21, 2021                    ENGELMAN LAW, APC

                                 By:     /s/ Britany Engelman
                                         Britany Engelman
                                         Attorneys for Defendant
                                         AJR Films, Inc.

NOTICE OF REMOVAL FROM STATE COURT

1

2

3

     *Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Britany Engelman, on whose behalf this filing is jointly submitted, concurs in this filing's content and has authorized me to file this document.*

4

5
    DATED:  June 21, 2021              GREENBERG TRAURIG, LLP

6
                     By:    /s/ Ashley Farrell Pickett

7
                           Ashley Farrell Pickett

8
                           Bryan W. Patton

9
                           Attorneys for Defendants

10
                           West Brands, LLC; Very Good Touring, Inc.; and Kanye West

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL FROM STATE COURT

**EXHIBIT A**

1   FRANK H. KIM (SBN 264605)
    **KIM LEGAL, APC**
2   3435 Wilshire Blvd, Suite 2700
    Los Angeles, CA 90010
3   Telephone: (323) 482-3300
    Facsimile: (866) 652-7819
4
    HELEN U. KIM (SBN 260195)
5   **HELEN KIM LAW, APC**
    3435 Wilshire Blvd, Suite 2700
6   Los Angeles, CA 90010
    Telephone: (323) 487-9151
7   Facsimile: (866) 652-7819

8   DARA TABESH (SBN 230434)
    **ECOTECH LAW GROUP, P.C.**
9   5 Third Street, Suite 700
    San Francisco, CA 94103
10  Telephone: (415) 503-9164
    Facsimile: (415) 651-8639
11
12  Attorneys for Plaintiff Michael Pearson

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 2 0 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              FOR THE COUNTY OF LOS ANGELES

15

16  MICHAEL PEARSON, individually and on
    behalf of all others similarly situated,       Case No.: **20STCV31684**
17
                           Plaintiff,             **CLASS ACTION**
18
                 v.                               **COMPLAINT:**
19
    West Brands, LLC, a Delaware limited          (1)  **Failure to Pay Earned Wages**
20  liability company; AJR Films Inc., a California (2)  **Failure to Provide Meal Breaks**
    corporation; Sayven Entertainment             (3)  **Failure to Provide Rest Breaks**
21  Corporation, a New York corporation; Mill      (4)  **Failure to Pay Overtime Wages**
    Ticket Entertainment LLC, a California limited (5)  **Waiting Time Penalties**
22  liability company; and DOES 1 through 50,      (6)  **Failure to Provide Itemized Wage**
    inclusive,                                          **Statements**
23                                                (7)  **Unlawful and Unfair Business**
                           Defendants.                  **Practices**
24
25
26
27          Plaintiff Michael Pearson ("Plaintiff"), individually and on behalf of all others similarly

28  situated, hereby alleges as follows:

                                    1
                        CLASS ACTION COMPLAINT

## INTRODUCTION

1.      Plaintiff submits this class action on behalf of all other similarly situated current and former non-exempt employees of West Brands, LLC ("West Brands"), AJR Films Inc. ("AJR Films"), Sayven Entertainment Corporation ("Sayven Entertainment"), Mill Ticket Entertainment LLC ("Mill Ticket Entertainment"), and DOES 1 through 50, inclusive (each a "Defendant" and collectively, "Defendants"), to challenge Defendants' attempt to misclassify their performers as independent contractors instead of their true status as employees.

2.      As a result of Defendants' unlawful misclassification of the defined class(es) herein alleged, Plaintiff seeks to recover for Defendants' failure to, among other things, pay wages, provide employees with meal and rest breaks (or compensation therefor), and pay overtime. Plaintiff seeks penalties, interest, attorneys' fees, costs and expenses, and equitable restitutionary and injunctive relief.

## JURISDICTION AND VENUE

3.      The Superior Court of the State of California has jurisdiction in this matter because Plaintiff is a resident in the State of California and Defendants are qualified to do business in and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

4.      Venue is proper in this judicial district and the County of Los Angeles, California, because Plaintiff, and other persons similarly situated, performed work for Defendants in the County of Los Angeles, Defendants maintain offices and facilities and transact business in the County of Los Angeles, and Defendants' illegal policies and practices that are the subject of this action were applied, at least in part, to Plaintiff and other persons similarly situated in the County of Los Angeles.

## THE PARTIES

5.      Plaintiff is an individual residing in the State of California. Plaintiff worked for Defendants as a non-exempt employee during the statutory period.

6.      On information and belief, Defendant West Brands is a foreign limited liability company organized and existing under the laws of the State of Delaware, and is and was at all

2

times mentioned herein qualified to do business in California.

7. On information and belief, Defendant AJR Films is a domestic corporation organized and existing under the laws of the State of California, and is and was at all times mentioned herein qualified to do business in California.

8. On information and belief, Defendant Sayven Entertainment is a foreign corporation organized and existing under the laws of the State of New York, and is and was at all times mentioned herein qualified to do business in California.

9. On information and belief, Mill Ticket Entertainment is a domestic limited liability company organized and existing under the laws of the State of California, and is and was at all times mentioned herein qualified to do business in California.

10. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the Class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

11. At all relevant times herein, Defendants were the joint employers of Plaintiff and the class members. Plaintiff is informed and believes and based thereon alleges that at all times material to this complaint, Defendants were the alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her, or its co-Defendant, and each was the alter ego of the other.

12. At all relevant times herein, Plaintiff and class members were employed by Defendants under employment agreements that were partly written, partly oral, and/or partly implied. In perpetrating the acts and omissions alleged herein, Defendants, and each of them,

acted pursuant to, and in furtherance of, their policies and practices of not paying Plaintiff and class members all wages earned and due, though methods and schemes which include, but are not limited to, failing to pay overtime premiums, failing to provide meal and rest breaks, failing to properly maintain records, failing to provide accurate itemized statements for each pay period, and requiring, suffering, or permitting employees to work off the clock, in violation of California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

13.     Plaintiff is informed and believes and based thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of, each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

14.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff and class members have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.     On or about November 2019, Defendants hired Plaintiff and hundreds of other on-stage performers ("Performers") to train, rehearse, and perform in a live opera by Kayne West entitled "Nebuchadnezzar," which took place on November 24, 2019 at the Hollywood Bowl.

16.     On information and belief, Plaintiff and the other Performers were cast by Sayven Entertainment and Mill Ticket Entertainment at the direction and control of West Brands and AJR Films, the producer of the Nebuchadnezzar opera.

17.     Pursuant to a written contract with Plaintiff, Defendants agreed to pay a flat rate of $250 per day regardless of the number of hours worked by Plaintiff.  Plaintiff was employed by Defendants for two days, on November 23, 2019, and November 24, 2019.

18.     Throughout their entire employment, Plaintiff and the other Performers were under the direct control and direction of Defendants with respect to their off-stage activities

and their on-stage performance.

19.     On November 23, 2019, immediately after checking in with Defendants, Plaintiff and the other Performers were advised to wait at a designated location inside the Hollywood Bowl for further instructions. Defendants failed to provide enough seats for Plaintiff and all the Performers to sit. As a result, Plaintiff and the other Performers were forced to stand or sit on the ground throughout the first day.

20.     Defendants dismissed Plaintiff and the other Performers after over nine (9) hours of work on November 23, 2019, with no meal or rest break.

21.     On November 24, 2019, Defendants instructed Plaintiff and the other Performers to meet at the parking center off Hollywood and Highland at 8:30 AM, where Defendants would provide a shuttle service to the Hollywood Bowl.

22.     As with the previous day, Plaintiff spent a significant part of the day waiting with the other Performers for further instruction, this time in outdoor tents. Also, as with the previous day, Plaintiff and the other Performers were forced to stand or sit on the ground because Defendants failed to provide enough seats for everyone.

23.     Outside the tents, Plaintiff and the other Performers received instruction from the choreographer, received wardrobe fittings, rehearsed for the show, and performed on-stage.

24.     At the conclusion of the Sunday Service performance, Plaintiff and the other Performers were required to wait in line and return to their wardrobe. Defendants failed to provide a shuttle service back to the parking lot, forcing Plaintiffs and the other Performers walk back to their cars. Plaintiff worked over ten (10) hours on the second day with no meal or rest break.

25.     In or about December 2019, Plaintiff received a check in the amount of $500 without any itemization describing how said payment was allocated.

26.     As a result of Defendants' willful misclassification of the Class Members as "independent contractors," Plaintiff was denied his fundamental employment rights as mandated by California law, including but not limited to, the right to overtime wages, the right to prompt payment of full wages upon termination of employment, the right to lawful meal and

REMOVAL EXHIBIT A PAGE 019

rest breaks, and the right to accurate, itemized wage statements.

## CLASS ACTION ALLEGATIONS

27.     **Class Definition:** Plaintiff seeks to represent the following class ("Class" or "Class Members"): All of Defendants' current and former non-exempt employees in California from at least August 20, 2016, through the final disposition of this action (the "Class Period") where were compensated by Defendants at a predetermined daily wage regardless of the hours worked.

28.     In addition to the Class Members, Plaintiff seeks to pursue claims on behalf of the following subclasses:

        a.  **Unpaid Wage Subclass:** all current and former non-exempt employees who were denied their earned wages during the Class Period;

        b.  **Overtime Subclass:** all current and former non-exempt employees who worked one or more shifts in excess of eight (8) hours in a day at any time during the Class Period;

        c.  **Rest Break Subclass:** all current and former non-exempt employees who worked one or more shifts of three and one-half (3.5) hours or more at any time during the Class Period;

        d.  **Meal Period Subclass:** all current and former non-exempt employees who worked (i) at least one shift in excess of five (5) hours, and/or (ii) at least one shift in excess of ten (10) hours, at any time during the Class Period;

        e.  **Wage Statement Subclass:** all current and former non-exempt employees who received a payment of wages at any time during the Class Period; and

        f.  **Waiting Time Penalty Subclass:** all former non-exempt employees who separated from their employment with Defendants at any time during the Class Period.

29.     The potential class is of a significant number. Joinder of all current and former

CLASS ACTION COMPLAINT

REMOVAL EXHIBIT A PAGE 020

employees individually would be impracticable.

30.     Plaintiff's claims are typical of the claims of the class because Defendants uniformly subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

31.     This action involved common questions of law and fact because the action focuses on Defendants' systematic course of illegal policies and practices, which were applied to all non-exempted employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code, which prohibits unfair business practices arising from such violations.

32.     Plaintiff will fairly and adequately protect the interests of all Class Members.

### FIRST CAUSE OF ACTION

**Failure to Pay Earned Wages**

**[Cal. Labor Code § 204]**

**(Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (a), (e), and (f))**

33.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

34.     During the Class Period, Defendants failed to pay Plaintiff and the Unpaid Wage Subclass for all wages as alleged herein, including wages for off the clock work and in the form of earned bonuses.

35.     As a direct and proximate cause of the aforementioned violations, Plaintiff and the Unpaid Wage Subclass have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest in such wages all to their damage in amounts according to proof at trial.

### SECOND CAUSE OF ACTION

**Failure to Provide Meal Periods**

**[Cal. Labor Code §§ 226.7 and 512; IWC Wage Order No. 10-2001 § 11]**

**(Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (b), (e), and (f))**

36.     Plaintiff re-alleges and incorporates by reference the above paragraphs as

7

CLASS ACTION COMPLAINT

1  though fully set forth herein.

2      37.     During the Class Period, Defendants had, and continue to have, a policy and

3  practice of failing to provide Plaintiff and the Meal Period Subclass full and timely meal

4  periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 10-

5  2001 § 11.

6      38.     As a result of Defendants' policies and practices alleged herein, Plaintiff and the

7  Meal Period Subclass regularly have been denied, and continue to be denied, the opportunity to

8  take full, interrupted, and timely meal periods as required under California law.

9      39.     As a direct and proximate cause of the aforementioned violations, Plaintiff and

10 the Meal Period Subclass have sustained economic damages, including but not limited to

11 unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to

12 recover economic and statutory damages and penalties and other appropriate relief due to

13 Defendants' violation of the California Labor Code and IWC Wage Order No. 10-2001.

14                          **THIRD CAUSE OF ACTION**

15                    **Failure to Authorize and Permit Rest Periods**

16          **[Cal. Labor Code §§ 226.7 and IWC Wage Order No. 10-2001 § 12]**

17 **(Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (c), (e), and (f))**

18     40.     Plaintiff re-alleges and incorporates by reference the above paragraphs as

19 though felly set forth herein.

20     41.     During the Class Period, Defendants had, and continue to have, a policy and

21 practice of failing to authorize and permit Plaintiff and the Rest Period Subclass to take rest

22 breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 10-2001 § 12.

23     42.     As a result of Defendants' policies and practices alleged herein, Plaintiff and the

24 Rest Period Subclass regularly have been denied, and continue to be denied, the opportunity to

25 take full, interrupted, and timely rest periods as required under California Labor Code § 226.7

26 and IWC Wage Order No. 10-2001 § 12.

27     43.     Defendants violated, and continue to violate, California Labor Code § 226.7 and

28 IWC Wage Order No. 10-2001 § 12 by failing to pay Plaintiff and the Rest Period Subclass

REMOVAL EXHIBIT A PAGE 022

1   who were not provided a rest period, in accordance with the applicable Wage Order, one
2   additional hour of compensation at each employee's regular rate of pay for each workday that a
3   rest period was not provided.

4   44.    As a direct and proximate cause of the aforementioned violations, Plaintiff and
5   the Rest Period Subclass have sustained economic damages, including but not limited to
6   unpaid wages and lost interest, in an amount according to proof a trial, and are entitled to
7   recover economic and statutory damages and penalties and other appropriate relief due to
8   Defendants' violation of the California Labor Code and IWC Wage Order No. 10-2001.

9                        **FOURTH CAUSE OF ACTION**
10                       **Failure to Pay Overtime Wages**
11       **[Cal. Labor Code §§ 510, 1194, and 1198; IWC Wage Order No. 10-2001 § 3]**
12   **(Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (d), (e), and (f))**

13   45.    Plaintiff re-alleges and incorporates by reference the above paragraphs as
14   though felly set forth herein.

15   46.    Pursuant to California Labor Code §§ 510, 1194, and 1198, and IWC Wage
16   Order No. 10-2001 § 3, Defendants are required to compensate Plaintiff and the Overtime
17   Subclass for all overtime at a rate of one and one-half (1½) times the regular rate of pay for all
18   hours worked in excess of eight (8) hours per day and at a rate of twice the regular rate of pay
19   for all hours worked in excess of twelve (12) hours in any workday.

20   47.    During the Class Period, Defendants failed to compensate, and continue to fail
21   to compensate, Plaintiff and the Overtime Subclass for all overtime hours worked as required
22   under the foregoing provisions of the California Labor Code and IWC Wage Order by, among
23   other things, failing to pay overtime at one and one-half (1½) times or double the regular rate
24   of pay.

25   48.    As a direct and proximate cause of the aforementioned violations, Plaintiff and
26   the Overtime Subclass have suffered, and continue to suffer, substantial losses related to the
27   use and enjoyment of such wages and lost interest on such wages. Plaintiff and the Overtime
28   Subclass are entitled to recover the unpaid balance of wages owed to them by Defendants, plus

9

CLASS ACTION COMPLAINT

interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties

### [Cal. Labor Code §§ 201-203]

**(Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (e) and (f))**

49.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

50.     Pursuant to California Labor Code §§ 201 and 202, Defendants are required to promptly pay all wages owed to an employee at the conclusion of employment.

51.     Defendants' failure to pay the Waiting Time Penalty Subclass, who are no longer working for Defendants, all wages owing to former employees was willful.

52.     As a direct and proximate cause of the aforementioned violations, Plaintiff and the Waiting Time Penalty  Subclass have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages and lost interest on such wages. Plaintiff and the Waiting Time Penalty Subclass are entitled to recover penalties against Defendants in an amount to be determined at trial pursuant to Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid, for a period of up to thirty (30) days from the time they were due.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226 and 1174; IWC Wage Order No. 10-2001 § 7]

**(Against All Defendants by Plaintiff on Behalf of the Class and Subclass (f))**

53.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

54.     During the Class Period, Defendants failed to provide, and continue to fail to provide, Plaintiff and the Wage Statement Subclass with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities

10

CLASS ACTION COMPLAINT

employing Plaintiff and the Wage Statement Subclass, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code §§ 226 and 1174 and IWC Wage Order No. 10-2001 § 7.

55.     During the Class Period, Plaintiff and the Wage Statement Subclass suffered injury, and continue to suffer injury, as a result of Defendants' failure to provide timely and accurate itemized wage statements, as Plaintiff and the Wage Statement Subclass could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing Plaintiff and the Wage Statement Subclass, and all applicable hourly rates in effect during each pay period, including the corresponding number of hours worked at each hourly rate.

56.     As a direct and proximate cause of the aforementioned violations, Plaintiff and the Wage Statement Subclass have suffered actual damages in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and the Wage Statement Subclass are entitled to an award of costs, expenses, and reasonable attorneys' fees, as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code § 17200 et seq.]**

**(Against all Defendants by Plaintiffs on Behalf of the Class)**

57.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

58.     Each and every one of Defendants' acts and omissions as heretofore described constitute unfair and unlawful business practices under California Business and Professions Code § 17200 et seq.

59.     Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the

11

1 | Class Members.

2 | 60. Defendants have avoided payment of earned wages, overtime wages, meal
3 | period wages, rest break premiums, and other benefits, as required by the California Labor
4 | Code, the California Code of Regulations, and the applicable IWC Wage Order. Further,
5 | Defendants have failed to record, report, and pay the correct sums of assessment to the state
6 | authorities under the California Labor Code and other applicable regulations.

7 | 61. As a result of Defendants' unfair and unlawful business practices, Defendants
8 | have reaped unfair and illegal profits during the Class Period at the expense of Plaintiff, Class
9 | Members, and members of the public. Defendants should be made to disgorge their ill-gotten
10 | gains and to restore them to Plaintiff and the Class Members.

11 | 62. Defendants' unfair and unlawful business practices entitle Plaintiff and the
12 | Class Members to seek preliminary and permanent injunctive relief, including but not limited
13 | to orders that Defendants account for, disgorge, and restore Plaintiff and Class Members the
14 | wages and other compensation unlawfully withheld from them. Plaintiff and Class Members
15 | are entitled to restitution of all monies to be disgorged from Defendants in an amount subject
16 | to proof at trial.

17 | **PRAYER FOR RELIEF**

18 | WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally,
19 | as follows:

20 | 1. For compensatory damages in an amount to be proven at trial;

21 | 2. For restitution and disgorgement of profits according to proof from Defendants'
22 | unfair and unlawful business practices;

23 | 3. For meal and rest period compensation pursuant to California Labor Code § 226.7
24 | and IWC Wage Order No. 10-2001;

25 | 4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1.

26 | 5. For preliminary and permanent injunctive relief enjoining Defendants from
27 | violating the relevant provisions of the California Labor Code and IWC Wage
28 | Orders and from engaging in the unlawful business practices complained of herein;

12

CLASS ACTION COMPLAINT

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

8. For reasonable attorney fees and cost of suit pursuant to California Labor Code §§ 1194 and 2802, California Civil Code § 1021.5, and any other applicable provisions provide for attorneys' fees and costs;

9. For declaratory relief;

10. For an order certifying the action as a class action;

11. For an order appointing Plaintiff as a class representative and Plaintiff's counsels as class counsels; and

12. For such other and further relief as this Court deems just and proper.

Dated: August 20, 2020                    **KIM LEGAL, APC**

                                          **HELEN KIM LAW, APC**

                                          **ECOTECH LAW GROUP, P.C.**

                                  By: *Frank Kim*
                                                 Frank Kim, Esq.
                                                 Helen Kim Esq.
                                               Dara Tabesh, Esq.
                                                 Attorneys for Plaintiff

13

REMOVAL EXHIBIT A PAGE 027

**EXHIBIT B**

FRANK H. KIM (SBN 264609)
  *fkim@kim-legal.com*
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

HELEN U. KIM (SBN 260195)
  *helen@helenkimlaw.com*
**HELEN KIM LAW, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

DARA TABESH (SBN 230434)
  *dara.tabesh@ecotechlaw.com*
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

*ATTORNEYS FOR PLAINTIFF MICHAEL PEARSON*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL PEARSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>West Brands, LLC, a Delaware limited liability company; Very Good Touring, Inc., a California corporation; Kanye West, an individual; AJR Films Inc., a California corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **Case No.: 20STCV31684**<br>**(related to Case No. 20STCV26420)**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>(1)   Failure to Pay Minimum Wage<br>(2)   Failure to Pay Overtime Wages<br>(3)   Failure to Provide Rest Breaks<br>(4)   Waiting to Provide Meal Breaks<br>(5)   Failure to Provide Itemized Wage Statements<br>(6)   Waiting Time Penalties<br>(7)   Violation of the Private Attorneys General Act of 2014<br>(8)   Unlawful and Unfair Business Practices<br><br>Complaint Filed: August 20, 2020 |

REMOVAL EXHIBIT B PAGE 028

Plaintiff Michael Pearson ("Plaintiff"), individually and on behalf of all others similarly situated, hereby alleges as follows:

## INTRODUCTION

1.     Plaintiff submits this class action on behalf of all other similarly situated current and former non-exempt employees of West Brands, LLC ("West Brands"), Very Good Touring, Inc. ("Very Good Touring"), Kanye West, AJR Films Inc. ("AJR Films"), and DOES 1 through 50, inclusive (each a "Defendant" and collectively, "Defendants"), to challenge Defendants' attempt to misclassify their performers as independent contractors instead of their true status as employees.

2.     As a result of Defendants' unlawful misclassification of the defined class(es) herein alleged, Plaintiff seeks to recover for Defendants' failure to, among other things, pay wages, provide employees with meal and rest breaks (or compensation therefor), and pay overtime. Plaintiff seeks penalties, interest, attorneys' fees, costs and expenses, and equitable restitutionary and injunctive relief.

## JURISDICTION AND VENUE

3.     The Superior Court of the State of California has jurisdiction in this matter because Plaintiff is a resident in the State of California and Defendants are qualified to do business in and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

4.     Venue is proper in this judicial district and the County of Los Angeles, California, because Plaintiff, and other persons similarly situated, performed work for Defendants in the County of Los Angeles, Defendants maintain offices and facilities and transact business in the County of Los Angeles, and Defendants' illegal policies and practices that are the subject of this action were applied, at least in part, to Plaintiff and other persons similarly situated in the County of Los Angeles.

## THE PARTIES

5.     Plaintiff is an individual residing in the State of California. Plaintiff worked for Defendants as a non-exempt employee during the statutory period.

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 029

6.     On information and belief, Defendant West Brands is a foreign limited liability company organized and existing under the laws of the State of Delaware, and at all times mentioned herein, qualified to do business in California.

7.     On information and belief, Defendant Very Good Touring is a domestic corporation organized and existing under the laws of California, and at all times mentioned herein, qualified to do business in California.

8.     On information and belief, Defendant Kanye West is an individual who is and was at all times mentioned herein, a resident of Los Angeles County, the sole Member of West Brands, and the Chief Executive Officer of Very Good Touring.

9.     On information and belief, Defendant AJR Films is a domestic corporation organized and existing under the laws of California, and at all times mentioned herein, qualified to do business in California.

10.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the Class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

11.     At all relevant times herein, Defendants were the joint employers of Plaintiff and the class members. Plaintiff is informed and believes and based thereon alleges that at all times material to this First Amended Complaint, Defendants were the alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her, or its co-Defendant, and each was the alter ego of the other.

12.     At all relevant times herein, Plaintiff and class members were employed by

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 030

Defendants under employment agreements that were partly written, partly oral, and/or partly implied. In perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying Plaintiff and class members all wages earned and due, though methods and schemes which include, but are not limited to, failing to pay minimum wage, overtime premiums, failing to provide meal and rest breaks, failing to properly maintain records, failing to provide accurate itemized statements for each pay period, and requiring, suffering, or permitting employees to work off the clock, in violation of California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

13.    Plaintiff is informed and believes and based thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of, each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

14.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff and class members have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.    On or about November 2019, Defendants hired Plaintiff and hundreds of other on-stage performers and vocalist (collectively, "Performers"), to train, rehearse, and perform in a live opera by Kayne West entitled "Nebuchadnezzar," which took place on November 24, 2019 at the Hollywood Bowl and which was produced into a motion picture.

16.    Plaintiff was an on-stage performer at the Nebuchadnezzar Opera.  Pursuant to a written contract with Plaintiff, Defendants agreed to pay a flat rate of $250 per day regardless of the number of hours worked by Plaintiff.  Plaintiff was employed by Defendants for two days, on November 23, 2019, and November 24, 2019.

17.    Throughout their entire employment, Plaintiff and the other Performers were under the direct control and direction of Defendants with respect to their off-stage activities

4

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 031

and their on-stage performance.

18.    On November 23, 2019, immediately after checking in with Defendants, Plaintiff and the other Performers were advised to wait at a designated location inside the Hollywood Bowl for further instructions. Defendants failed to provide enough seats for Plaintiff and all the Performers to sit. As a result, Plaintiff and the other Performers were forced to stand or sit on the ground throughout the first day.

19.    Defendants dismissed Plaintiff and the other Performers after over eight (8) hours of work on November 23, 2019, with no meal or rest break.

20.    On November 24, 2019, Defendants instructed Plaintiff and the other Performers to meet at the parking center off Hollywood and Highland at 8:30 AM, where Defendants would provide a shuttle service to the Hollywood Bowl.

21.    As with the previous day, Plaintiff spent a significant part of the day waiting with the other Performers for further instruction, this time in outdoor tents. Also, as with the previous day, Plaintiff and the other Performers were forced to stand or sit on the ground because Defendants failed to provide enough seats for everyone.

22.    Outside the tents, Plaintiff and the other Performers received instruction from the choreographer, received wardrobe fittings, rehearsed for the show, and performed on-stage.

23.    At the conclusion of the Sunday Service performance, Plaintiff and the other Performers were required to wait in line and return to their wardrobe. Defendants failed to provide a shuttle service back to the parking lot, forcing Plaintiff and the other Performers walk back to their cars.  Plaintiff worked over ten (10) hours on the second day with no meal or rest break.

24.    In or about December 2019, Plaintiff received a check in the amount of $500 without any itemization describing how said payment was allocated.

25.    As a result of Defendants' willful misclassification of the Class Members as "independent contractors," Plaintiff was denied his fundamental employment rights as mandated by California law, including but not limited to, the right to overtime wages, the right to prompt payment of full wages upon termination of employment, the right to lawful meal and

5
REMOVAL EXHIBIT B PAGE 032

rest breaks, and the right to accurate, itemized wage statements.

<u>**CLASS ACTION ALLEGATIONS**</u>

26.   **Class Definition:** Plaintiff seeks to represent the following class ("Class" or "Class Members") during the period beginning four years from the filing of this lawsuit (with applicable tolling period(s)) through the final disposition of this action (the "Class Period"): All non-exempt performers, vocalist, crewmembers, or other persons in California who worked for Defendants at a predetermined wage regardless of the hours worked.

27.   In addition to the Class Members, Plaintiff seeks to pursue claims on behalf of the following subclasses:

    a.   **Minimum Wage Subclass:** all current and former employees who worked one or more shifts and were not paid their minimum wages;

    b.   **Overtime Subclass:** all current and former employees who worked one or more shifts in excess of eight (8) hours in a day;

    c.   **Rest Break Subclass:** all current and former employees who worked one or more shifts of three and one-half (3.5) hours or more or, in the case of Extra Players under Wage Order No. 12-2001, all current and former employees who worked one or more shifts of four (4) hours or more;

    d.   **Meal Period Subclass:** all current and former employees who worked (i) at least one shift in excess of five (5) hours, and/or (ii) at least one shift in excess of ten (10) hours or, in the case of Extra Players under Wage Order No. 12-2001, all current and former employees who worked (i) at least one shift in excess of six (6) hours, and/or (ii) at least one shift in excess of twelve (12) hours;

    e.   **Wage Statement Subclass:** all current and former employees who received a payment of wages;

    f.   **Waiting Time Penalty Subclass:** all former non-exempt employees who separated from their employment with Defendants; and

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 033

g. **Misclassification Subclass:** all current and former independent contractors who worked one or more shifts.

28.    The potential class is of a significant number. Joinder of all current and former employees individually would be impracticable.

29.    Plaintiff's claims are typical of the claims of the class because Defendants uniformly subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

30.    This action involved common questions of law and fact because the action focuses on Defendants' systematic course of illegal policies and practices, which were applied to all non-exempted employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code, which prohibits unfair business practices arising from such violations.

31.    Plaintiff will fairly and adequately protect the interests of all Class Members.

## PAGA ALLEGATIONS

32.    Plaintiff is an aggrieved employee within the meaning of Labor Code § 2699(c). Plaintiff, on behalf of all aggrieved employees (whether said aggrieved employees are putative class members), is statutorily entitled to prosecute this matter for all Labor Code violations covered under the Private Attorneys General Act of 2014 ("PAGA").

## ALLEGATIONS RELATING TO DEFENDANTS' FAILURE TO PAY MINIMUM AND OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 510, 558, 1194, 1194.2, AND 1197.1

33.    At all times relevant herein, Defendants were required to compensate their employees minimum wages for all hours worked, and overtime wages for all hours worked in excess of eight (8) hours per day and forty (40) hours per week.

34.    As a pattern and practice, Defendants misclassified Plaintiff and the other aggrieve employees as independent contractors and thereby failed to properly compensate them for all hours worked.  Specifically, Plaintiff contends that he worked over eight (8) hours on November 23-24, 2018 without receiving overtime compensation.  Plaintiff also contends that

7

REMOVAL EXHIBIT B PAGE 034

other aggrieved employees who serve as vocalists in the "Sunday Service" choir are compensated at a flat weekly rate that fails to meet the minimum wage requirements based on the total hours worked for travel, rehearsals, and performances.  As such, Plaintiff asserts that Defendants' practices resulted in a failure to pay all minimum wages and, where applicable, overtime and double-time wages.

## ALLEGATIONS RELATING TO DEFENDANTS' FAILURE TO PROVIDE MEAL AND REST BREAKS IN VIOLATION OF LABOR CODE §§ 226.7, 512, AND 558

35.    In accordance with the California Labor Code and the applicable IWC Wage Order, Plaintiff and all aggrieved employees had the right to take a 10-minute rest break for shifts of three and one-half (3.5) hours or more, or for shifts of four (4) hours or more in the case of Extra Players under Wage Order No. 12-2001.  Plaintiff and the other aggrieved employees also had the right to a 30-minute meal period for every shift in excess of five (5) hours, or every shift in excess of six (6) hours in the case of Extra Players under Wage Order No. 12-2001.

36.    Because Defendants misclassified its workers as independent contractors, they failed to provide Plaintiff and aggrieved employees their duty-free meal periods and rest breaks and did not provide proper compensation for such failure.  Such a pattern and practice of administration of corporate policy as described herein is unlawful pursuant to Labor Code § 226.7 and the applicable IWC Wage Order.

## ALLEGATIONS RELATING TO DEFENDANTS' FAILURE TO KEEP ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE §§ 226 and 226.3

37.    In violation of Labor Code § 226 *et seq*., Defendants failed to keep their affirmative obligation to keep accurate records regarding the rates of pay for their California employees.  For example, as a result of Defendants' various Labor Code violations and Defendants' unlawful misclassification of Plaintiff and other aggrieved employees as independent contractors, Defendants failed to keep accurate records of Plaintiff's and other aggrieved employees' gross wages earned, total hours worked, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 035

**ALLEGATIONS RELATING TO DEFENDANTS' UNTIMELY PAYMENT OF**

**WAGES IN VIOLATION OF LABOR CODE §§ 201-204, 210, and 1194.5**

38.    At all times relevant herein, Defendants were required by law to pay employee wages in a timely manner, pursuant to the mandates of the Labor Code and all regulations promulgated thereunder.

39.    As a pattern and practice, Defendants failed to pay Plaintiff and other aggrieved employees on time in violation of California Labor Code §§ 201-204, 210, and 1194.5.  For example, Defendants have not reimbursed Plaintiff and other aggrieved employees for all necessary expenses incurred in the performance of their job duties, have not paid them at the required rate for all time worked, and have not paid them minimum and overtime wages during the appropriate time required.

**ALLEGATIONS RELATING TO DEFENDANTS' WILLFUL**

**MISCLASSIFICATION OF AGGREIEVED EMPLOYEES IN VIOLATION OF**

**LABOR CODE § 226.8**

40.    At all times relevant herein, it was unlawful for Defendants to willfully misclassify individuals as independent contractors pursuant to the mandate of Labor Code §226.8.

41.    As a pattern and practice, Defendants wrongfully and willfully misclassified Plaintiff and other aggrieved employees as independent contractors in violation of the law.

**ALLEGATIONS RELATING TO DEFENDANTS' FAILURE TO PROVIDE**

**SUITABLE SEATING IN VIOLATION OF LABOR CODE § 1198**

42.    In accordance with California Labor Code § 1198, Plaintiff had the right to be provided with suitable seats (1) when the nature of the work reasonably permits the use of seats; and, even if the nature of the work requires standing, (2) when it does not interfere with the performance of his duties.

43.    As a pattern and practice, Defendants regularly failed to provide Plaintiff such suitable seats for their performers. Specifically, Plaintiff contends that he and other aggrieved employees were denied suitable seating on November 23-24, 2018 during the times in which

9

REMOVAL EXHIBIT B PAGE 036

they spent hours waiting for further instructions inside the Hollywood Bowl.

44.     Such a pattern and practice of administration of corporate policy as described herein is unlawful, pursuant to Labor Code § 1198.

## ALLEGATIONS RELATING TO DEFENDANTS' FAILURE TO PROVIDE SUITABLE SEATING IN VIOLATION OF LABOR CODE § 1198

45.     At all times relevant herein, Defendants were required to provide written notice to employees of basic information material to their employment relationship, including their rate(s) of pay, designated pay day, the name, physical address, and telephone number of the employer, and the employer's workers' compensation insurance carrier.

46.     As a pattern and practice, Defendants regularly failed to provide Plaintiff and the aggrieved employees the required written notice at the time of hire, in violation of Labor Code § 1198.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 1194, 1194.2, 1197, IWC Wage Order No. 12-2001]

### (Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (a), (e)-(g))

47.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

48.     During the Class Period, Defendants failed to pay Plaintiff and the Minimum Wage Subclass by misclassifying them as independent contractors and compensating them a predetermined wage regardless of their hours worked.

49.     As a direct and proximate cause of the aforementioned violations, Defendants failed to pay Plaintiff and the Minimum Wage Subclass the minimum wage for each hour worked.  Plaintiff is informed and believes and thereon alleges that Defendants' failure to pay the minimum wage for each hour worked, as described herein, was done willfully.

50.     Based on the Defendants' conduct as alleged herein, Defendants are liable for unpaid minimum wage compensation pursuant to Labor Code sections 1194 and 1197, liquidated damages in an amount equal to the unpaid wages owed to such employees, plus

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 037

interest.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, and 1198; IWC Wage Order No. 12-2001]

### (Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (b), (e)-(f))

51.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though felly set forth herein.

52.     Pursuant to California Labor Code §§ 510, 1194, and 1198, and IWC Wage Order No. 12, Defendants are required to compensate Plaintiff and the Overtime Subclass for all overtime at a rate of one and one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and at a rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in any workday or, in the case of "extra players" under Wage Order No. 12-2001, twice the regular rate of pay for all hours worked in excess of ten (10) hours in any workday.

53.     During the Class Period, Defendants failed to compensate, and continue to fail to compensate, Plaintiff and the Overtime Subclass for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things, failing to pay overtime at one and one-half (1½) times or double the regular rate of pay.

54.     As a direct and proximate cause of the aforementioned violations, Plaintiff and the Overtime Subclass have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages and lost interest on such wages. Plaintiff and the Overtime Subclass are entitled to recover the unpaid balance of wages owed to them by Defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Provide Rest Periods

### [Cal. Labor Code §§ 226.7 and IWC Wage Order No. 12-2001]

### (Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (c), (e)-(g))

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 038

55.    Plaintiff re-alleges and incorporates by reference the above paragraphs as though felly set forth herein.

56.    During the Class Period, Defendants had, and continue to have, a policy and practice of failing to authorize and permit Plaintiff and the Rest Period Subclass to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 12-2001 § 12.

57.    As a result of Defendants' policies and practices alleged herein, Plaintiff and the Rest Period Subclass regularly have been denied, and continue to be denied, the opportunity to take full, interrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order No. 12-2001 § 12.

58.    Defendants violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 12-2001 § 12 by failing to pay Plaintiff and the Rest Period Subclass who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

59.    As a direct and proximate cause of the aforementioned violations, Plaintiff and the Rest Period Subclass have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof a trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to Defendants' violation of the California Labor Code and IWC Wage Order No. 12-2001.

**FOURTH CAUSE OF ACTION**

**Failure to Provide Meal Periods**

**[Cal. Labor Code §§ 226.7 and 512; IWC Wage Order No. 12]**

**(Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (d), (e)-(g))**

60.    Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

61.    During the Class Period, Defendants had, and continue to have, a policy and practice of failing to provide Plaintiff and the Meal Period Subclass full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 12-

REMOVAL EXHIBIT B PAGE 039

2001 § 11.

62.     As a result of Defendants' policies and practices alleged herein, Plaintiff and the Meal Period Subclass regularly have been denied, and continue to be denied, the opportunity to take full, interrupted, and timely meal periods as required under California law.

63.     As a direct and proximate cause of the aforementioned violations, Plaintiff and the Meal Period Subclass have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to Defendants' violation of the California Labor Code and IWC Wage Order No. 12-2001.

## FIFTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226 and 1174; IWC Wage Order No. 12-2001]

### (Against All Defendants by Plaintiff on Behalf of the Class and Subclass (e) and (g))

64.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

65.     During the Class Period, Defendants failed to provide, and continue to fail to provide, Plaintiff and the Wage Statement Subclass with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing Plaintiff and the Wage Statement Subclass, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code §§ 226 and 1174 and IWC Wage Order No. 12-2001 § 7.

66.     During the Class Period, Plaintiff and the Wage Statement Subclass suffered injury, and continue to suffer injury, as a result of Defendants' failure to provide timely and accurate itemized wage statements, as Plaintiff and the Wage Statement Subclass could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing Plaintiff and the Wage Statement

FIRST AMENDED COMPLAINT
REMOVAL EXHIBIT B PAGE 040

Subclass, and all applicable hourly rates in effect during each pay period, including the corresponding number of hours worked at each hourly rate.

67.   As a direct and proximate cause of the aforementioned violations, Plaintiff and the Wage Statement Subclass have suffered actual damages in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and the Wage Statement Subclass are entitled to an award of costs, expenses, and reasonable attorneys' fees, as well as other available remedies.

<u>**SIXTH CAUSE OF ACTION**</u>

**Waiting Time Penalties**

**[Cal. Labor Code §§ 201-203]**

**(Against All Defendants by Plaintiff on Behalf of the Class and Subclasses (f) and (g))**

68.   Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

69.   Pursuant to California Labor Code §§ 201 and 202, Defendants are required to promptly pay all wages owed to an employee at the conclusion of employment.

70.   Defendants' failure to pay the Waiting Time Penalty Subclass, who are no longer working for Defendants, all wages owing to former employees was willful.

71.   As a direct and proximate cause of the aforementioned violations, Plaintiff and the Waiting Time Penalty Subclass have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages and lost interest on such wages. Plaintiff and the Waiting Time Penalty Subclass are entitled to recover penalties against Defendants in an amount to be determined at trial pursuant to Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid, for a period of up to thirty (30) days from the time they were due.

<u>**SEVENTH CAUSE OF ACTION**</u>

**PRIVATE ATTORNEYS GENERAL ACT OF 2004**

**[Cal. Labor Code § 2698 *et seq.*]**

**(Against All Defendants by Plaintiff on Behalf of Aggrieved Employees)**

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 041

72.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

73.     PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

74.     Plaintiff and the other non-exempt workers who are misclassified as independent contractors are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

75.     Plaintiff seeks to recover PAGA civil penalties through a representative action for violations of the following Labor Code provision:

a.   Failure to pay minimum and overtime wages in violation of Wage Order 12 and Labor Code §§ 510, 558, 1194, and 1198;

b.   Failure to provide meal and rest breaks in violation of Wage Order No. 12 and Labor Code §§ 226.7, 512, 558;

c.   Failure to pay all compensation due to former employees at the time they were discharged in violation of Labor Code § 201-204;

d.   Failure to provide itemized wage statements in violation of Labor Code §§ 226;

e.   Knowingly and willfully misclassifying employees as independent contractors in violation of Labor Code § 226.8;

f.   Failure to provide suitable seating for employees in violation of Labor Code § 2699; and

g.   Failure to provide written notice to employees at the time of hiring concerning basic information material to their employment relationship in violation of Labor Code § 2810.5.

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 042

76.     On August 31, 2020, Plaintiff filed a claim notice online with the California LWDA, LWDA Case No. LWDA-CM-804594-20, and mailed the same via certified mail to Defendants West Brands and AJR Films.  On November 24, 2020, Plaintiff filed an amended claim notice with the LWDA to add a violation under Labor Code § 2810.5 and mailed the same via certified letter to Defendants.  To date, Plaintiff has not received a response.  Now that sixty-five days have passed from Plaintiff notifying Defendants of these violations, Plaintiff has exhausted her administrative requirements for bringing a claim under the Private Attorneys General Act.

77.     Plaintiff was compelled to retain the services of counsel to file this court action to protect the interests and the interests of other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to receive under California Labor Code § 2699.

## EIGHTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200 *et seq.*]

### (Against all Defendants by Plaintiff on Behalf of the Class)

78.     Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

79.     Each and every one of Defendants' acts and omissions as heretofore described constitute unfair and unlawful business practices under California Business and Professions Code § 17200 *et seq.*

80.     Defendants' violations of California wage and hour laws constitute a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the Class Members.

81.     Defendants have avoided payment of earned wages, overtime wages, meal period wages, rest break premiums, and other benefits, as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further,

FIRST AMENDED COMPLAINT

REMOVAL EXHIBIT B PAGE 043

Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

82.   As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the Class Period at the expense of Plaintiff, Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the Class Members.

83.   Defendants' unfair and unlawful business practices entitle Plaintiff and the Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore Plaintiff and Class Members the wages and other compensation unlawfully withheld from them. Plaintiff and Class Members are entitled to restitution of all monies to be disgorged from Defendants in an amount subject to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.   For an order certifying the proposed Class;

2.   For an order appointing Plaintiff as the representative of the Class and Subclasses as described herein;

3.   For an order appointing counsel for Plaintiff as class counsel;

4.   Upon the First and Second Causes of Action, for all minimum and overtime wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203, and for costs and attorneys' fees;

5.   Upon the Third and Fourth Causes of Action, for all meal period and rest break wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs;

6.   Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

7.   Upon for the Sixth Cause of Action, for waiting time wages according to proof

FIRST AMENDED COMPLAINT
REMOVAL EXHIBIT B PAGE 044

pursuant to California Labor Code § 203 and for costs;

8.   Upon the Seventh Cause of Action, for civil penalties due to Plaintiff, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a);

9.   Upon the Eighth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*; and

10.   On all Causes of Action, for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 1194, and Code of Civil Procedure § 1021.5, and for such other further relief the Court may deem just and proper.

DATED:  March 29, 2021          **KIM LEGAL, APC**
                                **HELEN KIM LAW, APC**
                                **ECOTECH LAW GROUP, P.C.**

                        By:   ___/s/ Frank H. Kim___
                                Frank H. Kim, Esq.
                                Helen U. Kim, Esq.
                                Dara Tabesh, Esq
                                *ATTORNEYS FOR PLAINTIFF*

## **DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the Class and Subclasses, and on behalf of other aggrieved employees, hereby demands a jury trial as provided by California law.

DATED:  March 29, 2021          **KIM LEGAL, APC**
                                **HELEN KIM LAW, APC**
                                **ECOTECH LAW GROUP, P.C.**

                        By:   ___/s/ Frank H. Kim___
                                Frank H. Kim, Esq.
                                Helen U. Kim, Esq.
                                Dara Tabesh, Esq
                                *ATTORNEYS FOR PLAINTIFF*

18

FIRST AMENDED COMPLAINT

**EXHIBIT C**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
West Brands, LLC, a Delaware limited liability company; AJR Films Inc., a California corporation;
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
        s, pi INDIVIDUALLY
Michael Pearson, as an individual and on behalf of all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 20 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____ , Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse
Superior Court of California, County of Los Angeles
111 N. Hill St., Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
**20STCV31684**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frank H. Kim; Kim Legal, APC, 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010; (323) 482-3300

| DATE: **AUG 20 2020** *(Fecha)* | **Sherri R. Carter, Clerk** | Clerk, by *(Secretario)* | **STEVEN DREW** | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*:

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
    ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

REMOVAL EXHIBIT C PAGE 046

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael Pearson v. West Brands, LLC, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Sayven Entertainment Corporation, a New York corporation;
Mill Ticket Entertainment LLC, a California limited liability company; and
DOES 1 through 50, inclusive

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

REMOVAL EXHIBIT C PAGE 047

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Frank H. Kim (SBN 264609)
KIM LEGAL, APC
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
TELEPHONE NO.: (323) 482-3300     FAX NO.:
ATTORNEY FOR *(Name):* Michael Pearson

**FOR COURT USE ONLY**

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

AUG 2 0 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____ , Deputy
Steven Drew

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N Hill St.
MAILING ADDRESS: 111 N Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Michael Pearson v. West Brands, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited  (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant  (Cal. Rules of Court, rule 3.402) | **20STCV31684**  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☑ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Labor Code violations and UCL.
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 20 2020
Frank H. Kim
_____
(TYPE OR PRINT NAME)

► *Frank Kim*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

REMOVAL EXHIBIT C PAGE 050

| SHORT TITLE: Michael Pearson v. West Brands, LLC, et al. | CASE NUMBER **20STCV31684** |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

REMOVAL EXHIBIT C PAGE 051

| SHORT TITLE: Michael Pearson v. West Brands, LLC, et al. | CASE NUMBER |
|---|---|

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>· Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
|  | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
|  | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
|  | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
|  | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
|  |  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
|  | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
|  | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
|  |  | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
|  |  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
|  |  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
|  |  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
|  | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
|  |  | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
|  |  | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
|  | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
|  | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
|  |  | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
|  |  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
|  | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
|  | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
|  |  | ☐ A6032  Quiet Title | 2, 6 |
|  |  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
|  | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
|  | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
|  | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

REMOVAL EXHIBIT C PAGE 052

| SHORT TITLE: Michael Pearson v. West Brands, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

REMOVAL EXHIBIT C PAGE 053

| SHORT TITLE: Michael Pearson v. West Brands, LLC, et al. | CASE NUMBER |
| --- | --- |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: | |
| --- | --- | --- |
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___August 20, 2020___

_Frank Kim_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

REMOVAL EXHIBIT C PAGE 054

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/20/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV31684 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Ann I. Jones | 11 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/20/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By S. Drew _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

REMOVAL EXHIBIT C PAGE 058

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

                                              ➢ _____
_____
(TYPE OR PRINT NAME).                             (ATTORNEY FOR DEFENDANT)
Date:

                                              ➢ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

                                              ➢ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

                                              ➢ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

                                              ➢ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

REMOVAL EXHIBIT C PAGE 059

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

REMOVAL EXHIBIT C PAGE 060

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

REMOVAL EXHIBIT C PAGE 061

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

REMOVAL EXHIBIT C PAGE 063

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

·**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

REMOVAL EXHIBIT C PAGE 064

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

REMOVAL EXHIBIT C PAGE 065

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

REMOVAL EXHIBIT C PAGE 067

FILED
Superior Court of California
County of Los Angeles

SEP 1 0 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _Dejane Wortham_, Deputy
Dejane Wortham

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL PEARSON, | Case No. 20STCV31684 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| v. | Case Assigned for All Purposes to Judge Ann I. Jones |
| WEST BRANDS, LLC, et al. | Department: SS11 Date: March 01, 2021 Time:  10:30 AM |
| Defendant. | |

This case has been assigned for all purposes to Judge Ann I. Jones in the Complex Litigation Program.  An Initial Status Conference is set for March 01, 2021 at 10:30 AM in Department SS11 located in the Spring Street Superior Courthouse at 312 N. Spring Street,  Los Angeles, California 90012.

**In light of the current COVID19 pandemic and the various dictates requiring the maintenance of social distancing, the Court orders the parties to appear remotely.  Personal appearances will not be allowed absent written authorization by the court upon a showing of good cause.  The work required to be accomplished during an intial appearance of this sort is particularly amenable to remote appearances.  No party or counsel is to attend in person.**

The court further orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate

1

contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement **ten (10) court days** before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:**  Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.  Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

2

6. **ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■ Motion to Compel Arbitration,
- ■ Early motions in limine,
- ■ Early motions about particular jury instructions and verdict forms,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior

3

Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,   summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:
- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the

---

[1] See California Rule of Court, Rule 3.768.

4

Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court  3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

**Stay of Proceedings:**

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order*, **these proceedings are stayed in their entirety**.* This stay precludes the filing of any answer (unless already filed before this order was served), demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

---

[2] California Rule of Court, Rule 3.770(a)

5

parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases.  This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

**Service of this Order:**

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated: September 10, 2020

ANN I. JONES
_____
Ann I. Jones
Judge of the Los Angeles Superior Court

6

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/10/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Wortham _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Michael Pearson | |
| DEFENDANT/RESPONDENT:<br>West Brands, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV31684 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Newly Filed Class Action) of 09/10/2020  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Frank H Kim
Kim Legal, APC
3435 Wilshire Blvd
Ste 2700
Los Angeles, CA  90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 09/10/2020                     By:   D. Wortham _____
                                                          Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**20STCV31684**                                                    September 10, 2020
**MICHAEL PEARSON vs WEST BRANDS, LLC, et al.**                        8:59 AM

Judge: Honorable Ann I. Jones            CSR: None
Judicial Assistant: D. Wortham           ERM: None
Courtroom Assistant: C. Concepcion       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Newly Filed Class Action

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 03/01/2021 at 10:30 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

REMOVAL EXHIBIT C PAGE 075

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**20STCV31684**                                                    September 10, 2020
**MICHAEL PEARSON vs WEST BRANDS, LLC, et al.**                    8:59 AM

Judge: Honorable Ann I. Jones          CSR: None
Judicial Assistant: D. Wortham         ERM: None
Courtroom Assistant: C. Concepcion     Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Based on current conditions, including, but not limited to, the spread of Covid-19 disease, the state of emergency having been declared by Governor Gavin Newsom, the need for social distancing through enhanced physical distancing, and the use of remote access technology, the Court orders all counsel to appear remotely via LACourtConnect to the hearing on 03/01/2021 at 10:30 AM. Remote appearances via LACourtConnect can be arranged by visiting https://www.lacourt.org/lacc/.

Self-represented litigants or objectors may appear via LACourtConnect. If they cannot arrange this, they should contact the Judicial Assistant in Department 11 for further instructions.

Certificate of Mailing is attached.

REMOVAL EXHIBIT C PAGE 076

FILED BY FAX

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Frank H. Kim, Esq. \| SBN:  264605<br>Helen Kim Law, APC<br>3435 Wilshire Blvd.,  Suite 2700 Los Angeles, CA 90010<br><br>TELEPHONE NO.: (323) 487-9151 \| FAX NO. (866) 652-7819<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiff: Michael Pearson, individually and on behalf of all others similarly situated | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 0 9 2020<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By_____ S. DREW _____ Deputy |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

| | |
|---|---|
| PLAINTIFF:  **Michael Pearson, individually and on behalf of all others similarly situated**<br>DEFENDANT:  **West Brands, LLC, a Delaware limited liability company; et al.** | CASE NUMBER:<br>**20STCV31684** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Pearson v. West Brands, LLC** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents)*:  **Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment Unlimited Civil Case; Voluntary Efficient Litigation Stipulations**

3. a. Party served *(specify name of party as shown on documents served)*:
   **Sayven Entertainment Corporation, a New York corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Ben Artikov - Registered Agent for Service of Process**
   **Age: 45 Weight: 150 Hair: Black Sex: Male Height: 5'5 Eyes: Black Race: Asian**

4. Address where the party was served:  **Sayven Entertainment Corporation**
   **7607 SANTA MONICA BLVD, # STE 25**
   **LOS ANGELES CA 90028, CA 90028**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **9/24/2020**    (2) at *(time):* **11:34 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*    **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/180232

REMOVAL EXHIBIT C PAGE 077

| PETITIONER: **Michael Pearson, individually and on behalf of all others similarly situated** | CASE NUMBER: |
|---|---|
| RESPONDENT: **West Brands, LLC, a Delaware limited liability company; et al.** | **20STCV31684** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **Sayven Entertainment Corporation, a New York corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                   ☐ other:

7. **Person who served papers**

  a. Name: **Robert Mann - ON-CALL LEGAL**

  b. Address: **1875 Century Park East, STE H  Los Angeles, CA 90067**

  c. Telephone number: **(310) 858-9800**

  d. **The fee** for service was: **$ 109.35**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
      (i) ☐ owner   ☐ employee   ☑ independent contractor.
      (ii) Registration No.: **2016147098**
      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and I** certify that the foregoing is true and correct.

Date: **9/30/2020**

**ON-CALL LEGAL**
**1875 Century Park East, STE H**
**Los Angeles, CA 90067**
**(310) 858-9800**
**www.OnCallLegal.com**

                **Robert Mann**                ▶       *Robert R. Mann*
       (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

REMOVAL EXHIBIT C PAGE 078

FILED BY FAX
Superior Court of California
County of Los Angeles (2005)

OCT 15 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Kristina Vargas

1   FRANK H. KIM (SBN 264609)
    **KIM LEGAL, APC**
2   3435 Wilshire Blvd, Suite 2700
    Los Angeles, CA 90010
3   Telephone: (323) 482-3300
    Facsimile: (866) 652-7819
4
    HELEN U. KIM (SBN 260195)
5   **HELEN KIM LAW, APC**
    3435 Wilshire Blvd, Suite 2700
6   Los Angeles, CA 90010
    Telephone: (323) 487-9151
7   Facsimile: (866) 652-7819
8
    DARA TABESH (SBN 230434)
9   **ECOTECH LAW GROUP, P.C.**
    5 Third Street, Suite 700
10  San Francisco, CA 94103
    Telephone: (415) 503-9164
11  Facsimile: (415) 651-8639
12  Attorneys for Plaintiff Michael Pearson
13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14                 **FOR THE COUNTY OF LOS ANGELES**
15

16  MICHAEL PEARSON, individually and on      **Case No.: 20STCV31684**
    behalf of all others similarly situated,
17                                            **PROOF OF SERVICE RE COURT**
                 Plaintiff,                   **ORDER AND INITIAL STATUS**
18         v.                                 **CONFERENCE ORDER**
19  West Brands, LLC, a Delaware limited
    liability company; AJR Films, Inc., a     Filing Date: August 20, 2020
20  California corporation; and DOES 1 through Dept. 11
    50, inclusive,                            Hon. Anne I. Jones
21
                 Defendants.
22

23

24

25

26

27

28

                                    1
                            PROOF OF SERVICE

1

## PROOF OF SERVICE

2

3     I am employed in the County of Los Angeles, State of California.  I am over the age of
18 and not a party to the within action; my business address is: 3435 Wilshire Blvd. #2700, Los
Angeles, CA 90010

4

5     On **October 14, 2020,** I served the foregoing documents in *Pearson v. West Brands,
LLC, et al,* Case No. 20STCV31684 described as **COURT ORDER; INITIAL STATUS
CONFERENCE ORDER** on the interested parties in this action as listed below and in the
manner(s) described below:

6

7

8     [x]     **(BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in
the U.S. mail at Los Angeles, California.  I am "readily familiar" with Helen Kim Law, APC's
practice of collection and processing correspondence for mailing.  It is deposited with U.S.
Postal Service on that same day in the ordinary course of business.

9

10

11        West Brands, LLC
c/o Maximilian Jo (Authorized Agent)
6 Centerpointe Drive, #620
La Palma, CA 90623

12

13        ARJ Films, Inc.
c/o Rick Server (Authorized Agent)
29 Orinda Way #1834
Orinda, CA 94563

14

15

16        Sayven Entertainment Corporation
c/o Ben Artikov (Authorized Agent)
7607 Santa Monica Blvd., Ste. 25
Los Angeles, CA 90028

17

18

19        Mill Ticket Entertainment, LLC
c/o Edward Mills (Authorized Agent)
105 N. 13th Ave. Apt. B
Upland, CA 91786

20

21

22        Executed on **October 14, 2020,** at Los Angeles, California.

23        I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

24

25

26                                                        _Frank Kim_

27        _____
Frank Kim

28

REMOVAL EXHIBIT C PAGE 080

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**20STCV31684**
**MICHAEL PEARSON vs WEST BRANDS, LLC, et al.**

December 3, 2020
11:01 AM

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: L. M'Greené | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**  Court Order re: Notice of Related Case

The Court finds that the following cases, 20STCV26420 and 20STCV31684, are related within the meaning of California Rules of Court, rule 3.300(a). 20STCV26420 is the lead case. For good cause shown, said cases are assigned to Judge Carolyn B. Kuhl in Department 12 at Spring Street Courthouse for all purposes.

All hearings in cases other than the lead case are placed off calendar. This order is made without prejudice to the parties making a motion to consolidate in the newly assigned department. The moving party is ordered to serve notice of this order (including hearings vacated, if necessary) by mail forthwith on all interested parties within ten (10) days of the receipt of this minute order.

Initial Status Conference  is scheduled for 01/29/2021 at 10:30 AM in Department 12 at Spring Street Courthouse.

Certificate of Mailing is attached.

REMOVAL EXHIBIT C PAGE 081

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/03/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ L. M'Greené _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Michael Pearson | |
| DEFENDANT/RESPONDENT:<br>West Brands, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV31684 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 12/03/2020 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Helen U Kim
Helen Kim Law, APC
3435 Wilshire Blvd
Ste 2700
Los Angeles, CA  90010

Dara  Tabesh
EcoTech Law Group, P.C.
5 3rd St
Ste 700
San Francisco, CA  94103

Frank H Kim
Kim Legal, APC
3435 Wilshire Blvd
Ste 2700
Los Angeles, CA  90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>12/3/2020</u>

By:  <u>L. M'Greené</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

FILED BY FAX
(CRC 2005)

FRANK H. KIM (SBN 264609)
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

HELEN U. KIM (SBN 260195)
**HELEN KIM LAW, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

DARA TABESH (SBN 230434)
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

FILED
Superior Court of California
County of Los Angeles

DEC 17 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____S. DREW_____ Deputy

Attorneys for Plaintiff Michael Pearson

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL PEARSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>West Brands, LLC, a Delaware limited liability company; AJR Films, Inc., a California corporation; and DOES 1 through 50, inclusive,<br><br>     Defendants. | **Case No.: 20STCV31684**<br><br>**PLAINTIFF'S NOTICE OF INITIAL STATUS CONFERENCE AND PROOF OF SERVICE RE: COURT ORDER RE: NOTICE OF RELATED CASES**<br><br>Date: January 29, 2021<br>Dept. 12<br>Hon. Carolyn B. Kuhl |

REMOVAL EXHIBIT C PAGE 083

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

2      PLEASE TAKE NOTICE that **<u>all parties are required to appear in person</u>** at the

3  Initial Status Conference scheduled for January 29, 2021 at 10:30 AM in Department 12 at 312

4  N. Spring Street, Los Angeles, CA 90012.

5

6  Dated: December 17, 2020          **KIM LEGAL, APC**

7                                   **HELEN KIM LAW, APC**
                                    **ECOTECH LAW GROUP, P.C.**

8

9

10  By: _____

11      Frank Kim, Esq.
        Helen Kim Esq.

12      Darah Tabesh, Esq.
        Attorneys for Plaintiff Michael Pearson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

2

**PLAINTIFF'S NOTICE OF INITIAL STATUS CONFERENCE AND PROOF OF SERVICE RE: COURT ORDER RE: NOTICE OF RELATED CASES**

1

**PROOF OF SERVICE**

2

I am employed in the County of Los Angeles, State of California.  I am over the age of
3   18 and not a party to the within action; my business address is: 3435 Wilshire Blvd., Ste. #2700,
Los Angeles, CA 90010.

4

On **December 17, 2020,** I served the foregoing documents in *Pearson v. West Brands,*
5   *LLC, et al.*, Case No. 20STCV31684 and *Leon v. Live Nation Worldwide, Inc., et al.*, LASC
20STCV26420   described   as   **PLAINTIFF'S   NOTICE   OF   INITIAL   STATUS**
6   **CONFERENCE AND PROOF OF SERVICE RE: COURT ORDER RE: NOTICE OF**
7   **RELATED CASES** on the interested parties in this action as listed below and in the manner
described below:

8

[x]      **(BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in
9   the U.S. mail at Los Angeles, California. I am "readily familiar" with Kim Legal, APC's
10   practice of collection and processing correspondence for mailing.

11

|  |  |
|---|---|
| West Brands, LLC | Josua B. Wagner, Esq. |
| c/o Maximilian Jo, Esq/ | Gordon Rees Scully Mansukhani, LLP |
| 6 Centerpointe Drive, #620 | 633 W. Fifth Street, 52nd Floor |
| La Palma, CA 90623 | Los Angeles, CA 90071 |
|  | *Attorney for Kanye West* |
|  |  |
| ARJ Films, Inc. | Chris A. Jalian, Esq. |
| c/o Rick Server | Paul Hastings, LLP |
| 29 Orinda Way #1834 | 515 S. Flower Street, 25th Fl. |
| Orinda, CA 94563 | Los Angeles, CA 90071 |
|  |  |
| Sayven Entertainment Corporation | Art Partner, Inc. |
| c/o Ben Artikov | 1 Dekalb Ave. |
| 7607 Santa Monica Blvd., Ste. 25 | Brooklyn, NY 11201 |
| Los Angeles, CA 90028 |  |
|  |  |
| Mill Ticket Entertainment, LLC | David Garrett, Esq. |
| c/o Edward Mills | Harris & Ruble |
| 1018 S. Los Angeles St. | 655 North Central Avenue, 17th Floor |
| Los Angeles, CA 90015 | Glendale, CA 91203 |

Executed on **December 17, 2020,** at Los Angeles, California.  I declare under penalty of
24   perjury under the laws of the State of California that the above is true and correct.

25

26

27   _____
Frank Kim

28

3

**PLAINTIFF'S NOTICE OF INITIAL STATUS CONFERENCE AND PROOF OF SERVICE RE: COURT
ORDER RE: NOTICE OF RELATED CASES**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Frank H. Kim, Esq. | SBN: 264605
Helen Kim Law, APC
3435 Wilshire Blvd., Suite 2700 Los Angeles, CA 90010

TELEPHONE NO.: (323) 487-9151 | FAX NO. (866) 652-7819
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Plaintiff: Michael Pearson, individually and on behalf of all others similarly situated

*FOR COURT USE ONLY*

FILED
Superior Court of California
County of Los Angeles

DEC 21 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Tanya Herrera _____ Deputy
Tanya Herrera

**Los Angeles County Superior Court - Stanley Mosk Courthouse**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk - Central District

PLAINTIFF: **Michael Pearson, individually and on behalf of all others similarly situated**

DEFENDANT: **West Brands, LLC, a Delaware limited liability company; et al.**

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER: **20STCV31684** |

Ref. No. or File No.: **Pearson v. West Brands, LLC**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations**
3. a. Party served *(specify name of party as shown on documents served):*
   **Mill Ticket Entertainment LLC, a California limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Edward Mills - Registered Agent for Service of Process**
4. Address where the party was served: **9436 Sunglow Ct**
   **Rancho Cucamonga, CA 91730-7935**
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* **12/14/2020** at *(time):* **3:09 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Raus "Doe" (refused to provide last name) - Co-occupant**
   **Age: 40 Weight: 160 Hair: Black Sex: Female Height: 5'7 Eyes: Brown Race: African American**

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☑ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or ☑ a declaration of mailing is attached.

   (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
**POS010-1/180237A1**

REMOVAL EXHIBIT C PAGE 086

| PETITIONER: Michael Pearson, individually, and on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| RESPONDENT: West Brands, LLC, a Delaware limited liability company; et al. | 20STCV31684 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                             (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Mill Ticket Entertainment LLC, a California limited liability company**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)                 ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)           ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☑ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**
    a. Name: **Cheri L. Siple - ON-CALL LEGAL**
    b. Address: **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**
    c. Telephone number: **(310) 858-9800**
    d. **The fee** for service was: **$ 141.05**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner    ☐ employee    ☑ independent contractor.
            (ii) Registration No.: **1658**
            (iii) County: **Riverside**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/16/2020**

**ON-CALL LEGAL**
**2476 Overland Avenue, Third Floor**
**Los Angeles, CA 90064**
**(310) 858-9800**
**www.OnCallLegal.com**

            **Cheri L. Siple**
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

REMOVAL EXHIBIT C PAGE 087

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Frank H. Kim, Esq. | SBN: 264605<br>Helen Kim Law, APC<br>3435 Wilshire Blvd.,  Suite 2700 Los Angeles, CA 90010 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (323) 487-9151 | FAX NO. (866) 652-7819<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiff: Michael Pearson, individually and on behalf of all others similarly situated | |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

| PLAINTIFF:  **Michael Pearson, individually and on behalf of all others similarly situated** | CASE NUMBER: |
|---|---|
| DEFENDANT:  **West Brands, LLC, a Delaware limited liability company; et al.** | **20STCV31684** |

| **AFFIDAVIT OF REASONABLE DILIGENCE** | Ref. No. or File No.:<br>**Pearson v. West Brands, LLC** |
|---|---|

I, Cheri L. Siple , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Mill Ticket Entertainment LLC, a California limited liability company as follows:
Documents:

**Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 12/11/2020 | 4:32 PM | Home | No answer at door. No activity.<br>9436 Sunglow Ct,  Rancho Cucamonga, CA 917307935 |
| 12/12/2020 | 1:00 PM | Home | No answer at door. No activity.<br>9436 Sunglow Ct,  Rancho Cucamonga, CA 917307935 |
| 12/13/2020 | 5:21 PM | Home | No answer at door. No activity.<br>9436 Sunglow Ct,  Rancho Cucamonga, CA 917307935 |
| 12/14/2020 | 3:09 PM | Home | SERVED: Substitute served on Raus "Doe" (refused to provide full name), Authorized to Accept.She stated that the agent/subject was not home right now.<br>9436 Sunglow Ct,  Rancho Cucamonga, CA 917307935 |

Fee for Service: **$ 141.05**

County: **Riverside**

Registration No.: **1658**
**ON-CALL LEGAL**
**2476 Overland Avenue, Third Floor**
**Los Angeles, CA 90064**
**(310) 858-9800**
Ref: Pearson v. West Brands, LLC

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 16, 2020.

Signature: _____

**Cheri L. Siple**

---

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: **180237A1**

REMOVAL EXHIBIT C PAGE 088

| | | | | FOR COURT USE ONLY |
|---|---|---|---|---|

*Attorney or Party without Attorney:*
Frank H. Kim, Esq., SBN: 264605
Helen Kim Law, APC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010
*TELEPHONE No.:* (323) 487-9151       *FAX No. (Optional):* (866) 652-7819

*Attorney for:* Plaintiff Michael Pearson, individually and on behalf of all others similarly situated

*Ref No. or File No.:*
Pearson v. West Brands, LLC

*Insert name of Court, and Judicial District and Branch Court:*
Los Angeles County Superior Court - Stanley Mosk Courthouse - Stanley Mosk - Central District

*Plaintiff:* Michael Pearson, individually and on behalf of all others similarly situated

*Defendant:* West Brands, LLC, a Delaware limited liability company; et al.

| PROOF OF SERVICE BY MAIL | HEARING DATE: | TIME: | DEPT.: 11 | CASE NUMBER: 20STCV31684 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

    a. Date of Mailing:            December 15, 2020
    b. Place of Mailing:          Los Angeles, CA
    c. Addressed as follows:    Mill Ticket Entertainment LLC, a California limited liability company
                              9436 Sunglow Ct
                              Rancho Cucamonga, CA 91730-7935

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

Fee for Service: **$ 141.05**
**ON-CALL LEGAL**
2476 Overland Avenue, Third Floor
Los Angeles, CA 90064
(310) 858-9800
Ref: Pearson v. West Brands, LLC

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **December 16, 2020**.

Signature: _____
                      **David Azema**

## PROOF OF SERVICE BY MAIL

**Order#: 180237A1/mailproof**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Frank H. Kim, Esq. | SBN: 264605 <br> Helen Kim Law, APC <br> 3435 Wilshire Blvd., Suite 2700 Los Angeles, CA 90010 <br><br> TELEPHONE NO.: (323) 487-9151 \| FAX NO. (866) 652-7819 <br> E-MAIL ADDRESS <br> ATTORNEY FOR *(Name)*: Plaintiff: Michael Pearson, individually and on behalf of all others similarly situated | **FILED** <br> Superior Court of California <br> County of Los Angeles <br><br> JAN 1 1 2021 <br><br> Sherri R. Carter, Executive Officer/Clerk of Court <br> By ___Tanya Herrera___ Deputy <br> Tanya Herrera |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

PLAINTIFF: **Michael Pearson, individually and on behalf of all others similarly situated**

DEFENDANT: **West Brands, LLC, a Delaware limited liability company; et al.**

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | **20STCV31684** |
| | Ref. No. or File No.: **Pearson v. West Brands** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents)*: **Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations**

3. a. Party served *(specify name of party as shown on documents served)*:
   **AJR Films, Inc., a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Rick Server - Registered Agent for Service of Process**

4. Address where the party was served: **1021 N Orange Grove Ave Apt 8 <br> West Hollywood, CA 90046-6199**

5. I served the party *(check proper box)*
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   - b. ☑ **by substituted service.** On *(date)*: 1/5/2021 at *(time)*: 5:23 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   **Angel J. Rosa - Co-occupant**
   **Age: 40 Weight: 170 Hair: Sex: Male Height: 6'0 Eyes: Race: Hispanic**
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☑ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: or ☑ a declaration of mailing is attached.
     - (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 <br> **POS010-1/175835B2** |
|---|---|---|

REMOVAL EXHIBIT C PAGE 090

| | |
|---|---|
| PETITIONER: **Michael Pearson, individ** ～ ᵈ on behalf of all others similarly situated<br><br>RESPONDENT: **West Brands, LLC, a Delaware limited liability company; et al.** | CASE NUMBER:<br>**20STCV31684** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **AJR Films, Inc., a California corporation**
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: **Antoine Mitchell - ON-CALL LEGAL**

  b. Address: **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**

  c. Telephone number: **(310) 858-9800**

  d. **The fee** for service was: **$ 146.55**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner    ☐ employee    ☐ independent contractor.

      (ii) Registration No.: **1790**

      (iii) County: **San Bernardino**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/6/2021**

**ON-CALL LEGAL**
**2476 Overland Avenue, Third Floor**
**Los Angeles, CA 90064**
**(310) 858-9800**
**www.OnCallLegal.com**

        **Antoine Mitchell**        ▸
        (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

REMOVAL EXHIBIT C PAGE 091

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Frank H. Kim, Esq. | SBN: 264605<br>Helen Kim Law, APC<br>3435 Wilshire Blvd., Suite 2700 Los Angeles, CA 90010<br><br>TELEPHONE NO.: (323) 487-9151 | FAX NO. (866) 652-7819<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiff: Michael Pearson, individually and on behalf of all others similarly situated | |

| **Los Angeles County Superior Court - Stanley Mosk Courthouse** | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Stanley Mosk - Central District | |

| PLAINTIFF: **Michael Pearson, individually and on behalf of all others similarly situated** | CASE NUMBER: |
|---|---|
| DEFENDANT: **West Brands, LLC, a Delaware limited liability company; et al.** | **20STCV31684** |

| **AFFIDAVIT OF REASONABLE DILIGENCE** | Ref. No. or File No.:<br>**Pearson v. West Brands** |
|---|---|

I, Antoine Mitchell , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: AJR Films, Inc., a California corporation as follows:
Documents:

**Summons; Complaint; Alternative Dispute Resolution (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 12/26/2020 | 7:37 PM | Home | No response to doorbell or knocking. No movement or noise. No lights on. No vehicles present.<br>1021 N Orange Grove Ave Apt 8,  West Hollywood, CA 900466199 |
| 12/29/2020 | 5:25 PM | Home | Unable to gain access inside gated apartment complex. All points of entry are locked. No security guard currently on-site. Waited 10 minutes, no person seen entering/exiting.<br>1021 N Orange Grove Ave Apt 8,  West Hollywood, CA 900466199 |
| 1/2/2021 | 7:36 PM | Home | No response to doorbell or knocking. No movement or noise. No lights on. No vehicles present.<br>1021 N Orange Grove Ave Apt 8,  West Hollywood, CA 900466199 |
| 1/5/2021 | 5:23 PM | Home | SERVED: Substitute served on Angel J. Rosa, Authorized to Accept.<br>1021 N Orange Grove Ave Apt 8,  West Hollywood, CA 900466199 |

Fee for Service: **$ 146.55**
   County:  **San Bernardino**
   Registration No.:  **1790**
   **ON-CALL LEGAL**
   **2476 Overland Avenue, Third Floor**
   **Los Angeles, CA 90064**
   **(310) 858-9800**
   Ref: Pearson v. West Brands

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 6, 2021.

Signature: _____

**Antoine Mitchell**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: 175835B2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Frank H. Kim, Esq . SBN: 264605<br>Helen Kim Law, APC<br>3435 Wilshire Blvd.,  Suite 2700 Los Angeles, CA 90010<br><br>TELEPHONE NO.: (323) 487-9151 | FAX NO. (866) 652-7819<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiff: Michael Pearson, individually and on behalf of all others similarly situated | |

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

| PLAINTIFF: **Michael Pearson, individually and on behalf of all others similarly situated** | CASE NUMBER: |
|---|---|
| DEFENDANT: **West Brands, LLC, a Delaware limited liability company; et al.** | **20STCV31684** |
| **AFFIDAVIT OF REASONABLE DILIGENCE** | Ref. No. or File No.:<br>**Pearson v. West Brands** |

I, Steven Phillips , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: AJR Films, Inc., a California corporation as follows:
Documents:

  **Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 12/21/2020 | 10:35 AM | Home | Able to gain entry inside apartment complex. No answer at intercom. No answer at front door.<br>1021 N Orange Grove Ave Apt 8,  West Hollywood, CA 900466199 |

Fee for Service: **$ 146.55**
  County:  **San Bernardino**
  Registration No.:  **1790**
  **ON-CALL LEGAL**
  **2476 Overland Avenue, Third Floor**
  **Los Angeles, CA 90064**
  **(310) 858-9800**
  Ref: Pearson v. West Brands

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 6, 2021.

Signature: _____

**Steven Phillips**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: 175835B2

REMOVAL EXHIBIT C PAGE 093

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Frank H. Kim, Esq., SBN: 264605<br>Helen Kim Law, APC<br>3435 Wilshire Blvd., Suite 2700<br>Los Angeles, CA 90010<br>_TELEPHONE No.:_ (323) 487-9151 _FAX No. (Optional):_ (866) 652-7819 | | |

_Attorney for:_ Plaintiff Michael Pearson, individually and on behalf of all others similarly situated

| _Ref No. or File No.:_ |
|---|
| Pearson v. West Brands |

_Insert name of Court, and Judicial District and Branch Court:_
Los Angeles County Superior Court - Stanley Mosk Courthouse - Stanley Mosk - Central District

_Plaintiff:_ Michael Pearson, individually and on behalf of all others similarly situated

_Defendant:_ West Brands, LLC, a Delaware limited liability company; et al.

| **PROOF OF SERVICE BY MAIL** | HEARING DATE: | TIME: | DEPT.:<br>11 | CASE NUMBER:<br>20STCV31684 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

    a. Date of Mailing:        January 6, 2021
    b. Place of Mailing:      Los Angeles, CA
    c. Addressed as follows:   AJR Films, Inc., a California corporation
                         1021 N Orange Grove Ave Apt 8
                         West Hollywood, CA 90046-6199

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

Fee for Service: **$ 146.55**
    **ON-CALL LEGAL**
    2476 Overland Avenue, Third Floor
    Los Angeles, CA 90064
    (310) 858-9800
    Ref: Pearson v. West Brands

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **January 6, 2021.**

Signature: _____
                         **David Azema**

## PROOF OF SERVICE BY MAIL

**Order# 175835B2/mailproof**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Frank H. Kim, Esq. | SBN: 264605
Helen Kim Law, APC
3435 Wilshire Blvd., Suite 2700 Los Angeles, CA 90010

TELEPHONE NO.: (323) 487-9151 | FAX NO. (866) 652-7819
E-MAIL ADDRESS
ATTORNEY FOR (Name): Plaintiff: Michael Pearson, individually and on behalf of all others similarly situated

**Los Angeles County Superior Court - Stanley Mosk Courthouse**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk - Central District

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

**JAN 15 2021**

Sherri R. Carter, Executive Officer/Clerk of Court
By: _Tanya Herrera_ Deputy
Tanya Herrera

PLAINTIFF: Michael Pearson, individually and on behalf of all others similarly situated

DEFENDANT: West Brands, LLC, a Delaware limited liability company; et al.

CASE NUMBER:
**20STCV31684**

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>**Pearson v. West Brands** |
|---|---|

FILED BY FAX
(CRC 2005)

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-complaint

   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served):*
   **West Brands, LLC, a Delaware limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Registered Agents Legal Services, LLC c/o Heather Howie - Authorized Agent for Service of Process**
   Age: 30 Weight: 150 Hair: Brown Sex: Female Height: 5'6 Eyes: Race: Caucasian

4. Address where the party was served: **Registered Agents Legal Services, LLC (ERESIDENTAGENT, INC.)**
   **1013 Centre Rd Ste 403S**
   **Wilmington, DE 19805-1270**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **12/30/2020** (2) at *(time):* **10:58 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2

Code of Civil Procedure, § 417.10
POS010-1/175835A3

REMOVAL EXHIBIT C PAGE 095

PETITIONER: Michael Pearson, individ... and on behalf of all others similarly situated

RESPONDENT: West Brands, LLC, a De........ limited liability company; et al.

CASE NUMBER
20STCV31684

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date):   (2) from (city):

(3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (specify):

c. ☐ as occupant.

d. ☑ On behalf of (specify): **West Brands, LLC, a Delaware limited liability company**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☑ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Stephen A. Kempski - ON-CALL LEGAL**

b. Address: **2476 Overland Avenue, Third Floor  Los Angeles, CA 90064**

c. Telephone number: **(310) 858-9800**

d. The fee for service was: **$ 225.60**

e. I am:

(1) ☑ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.: **09-58-A**
(iii) County: **Delaware**

8. ☑ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

or

9. ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: **12/31/2020**

**ON-CALL LEGAL**
**2476 Overland Avenue, Third Floor**
**Los Angeles, CA 90064**
**(310) 858-9800**
**www.OnCallLegal.com**

**Stephen A. Kempski**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)   (SIGNATURE)

POS-010 [Rev January 1, 2007]   **PROOF OF SERVICE OF SUMMONS**   Page 2 of 2
POS-010/175835A3

REMOVAL EXHIBIT C PAGE 096

**COPY**

1   GREENBERG TRAURIG, LLP
    Ashley Farrell Pickett (SBN CA 271825)
2   *farrellpicketta@gtlaw.com*
    Bryan W Patton (SBN CA 294910)
3   *pattonbw@gtlaw.com*
    GREENBERG TRAURIG, LLP
4   1840 Century Park East, Suite 1900
    Los Angeles, California 90067-2121
5   Telephone: 310.586.7700
    Facsimile: 310.586.7800
6
7   Attorneys for Defendant
    West Brands, LLC
8

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JAN 20 2021**

Sherri R. Carter, Executive Officer/Clerk of Court
By: Tanya Herrera, Deputy

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **COUNTY OF LOS ANGELES**

11

12  MICHAEL PEARSON, individually and on        CASE NO.: 20STCV31684
    behalf of all others similarly situated,
13                                               Assigned for All Purposes to Hon. Carolyn B. Kuhl
                      Plaintiff,                 Dept. 12
14
    v.
15                                               **DEFENDANT'S NOTICE OF APPEARANCE OF**
    WEST BRANDS, LLC, a Delaware limited         **COUNSEL**
16  liability company; AJR FILMS INC., a
    California corporation; SAYVEN
17  ENTERTAINMENT CORPORATION, a New             Complaint Filed:    August 20, 2020
    York corporation; MILL TICKET
18  ENTERTAINMENT LLC, a California limited
    liability company; and DOES 1 through 50,
19  inclusive,
20                    Defendants.
21

22

23                                               **RECEIVED**

24                                               JAN 20 2021

25                                               Filing Window

26

                                    1
                  DEFENDANT'S NOTICE OF APPEARANCE OF COUNSEL
*ACTIVE 54787246v1*

REMOVAL EXHIBIT C PAGE 097

1   TO THE CLERK OF THE COURT, PLAINTIFF AND ITS COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE THAT Greenberg Traurig, LLP hereby enters its appearance as

3   counsel of record for Defendant West Brands, LLC. Any and all notices, pleadings, correspondence, and

4   communications regarding the above-captioned matter should be served as follows:

5         GREENBERG TRAURIG, LLP
      Ashley Farrell Pickett (SBN CA 271825)

6         *farrellpicketta@gtlaw.com*
      Bryan W Patton (SBN CA 294910)

7         *pattonbw@gtlaw.com*
      GREENBERG TRAURIG, LLP

8         1840 Century Park East, Suite 1900
      Los Angeles, California 90067-2121

9         Telephone: 310.586.7700
      Facsimile: 310.586.7800

10

11   Dated:  January 20, 2021           GREENBERG TRAURIG, LLP

12

13

14             By:  _____

15                 Ashley Farrell Pickett
            Attorneys for Defendant
            West Brands, LLC

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S NOTICE OF APPEARANCE OF COUNSEL

*ACTIVE 54787246v1*

REMOVAL EXHIBIT C PAGE 098

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067.**

On January 20, 2021, I served the **DEFENDANT'S NOTICE OF APPEARANCE OF COUNSEL** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST.**

☐    **(BY MESSENGER SERVICE)**
By consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐    **BY OVERNIGHT COURIER**:  I caused such envelope to be placed for collection and delivery in accordance with standard overnight delivery procedures for delivery the next business day.

☐    **(BY E-MAIL)**
I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above.  The document(s) was served electronically and the transmission was reported complete and without error.

☒    **(BY MAIL)**
    ☐    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.
    ☒    I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒    **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on January 20, 2021, at Los Angeles, California.

_____
HALEH SHARIFI

REMOVAL EXHIBIT C PAGE 099

*SERVICE LIST*

| | |
|---|---|
| FRANK H. KIM<br>KIM LEGAL, APC<br>3435 Wilshire Blvd, Suite 2700<br>Los Angeles, CA 90010<br>Tel: (323) 482-3300<br>Fax: (866) 652-7819 | *Attorneys for Plaintiff Michael Pearson* |
| HELEN U. KIM<br>HELEN KIM LAW, APC<br>3435 Wilshire Blvd, Suite 2700<br>Lod Angeles, CA 90010<br>Tel: (323) 487-9151<br>Fax: (866) 652-7819 | *Attorneys for Plaintiff Michael Pearson* |
| DARA TABESH<br>ECOTECH LAW GROUP, P.C.<br>5 Third Street, Suite 700<br>San Francisco, CA 94103<br>Tel: (415) 503-9164<br>Fax: (415) 651-8639 | *Attorneys for Plaintiff Michael Pearson* |
| AJR Films, Inc. c/o Rick Server<br>29 Orinda Way #1834<br>Orinda, CA 94563<br><br>Chris A. Jalian, Esq.<br>Paul Hastings, LLP<br>515 S. Flower Street, 25th Fl.<br>Los Angeles, CA 90071 | |
| Sayven Entertainment Corporation<br>c/o Ben Artikov<br>7607 Santa Monica Blvd., Ste. 25<br>Los Angeles, CA 90028 | |
| Mill Ticket Entertainment, LLC<br>c/o Edward Mills<br>1018 S. Los Angeles St.<br>Los Angeles, CA 90015 | |

PROOF OF SERVICE

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 22 2021

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
     Maisha Pryor

1   FRANK H. KIM, State Bar No. 264609
      *fkim@kim-legal.com*
2   **KIM LEGAL, APC**
    3435 Wilshire Blvd, Suite 2700
3   Los Angeles, CA 90010
    Telephone: (323) 482-3300
4   Facsimile: (866) 652-7819

5   HELEN U. KIM, State Bar No. 260195
      *helen@helenkimlaw.com*
6   **HELEN KIM LAW, APC**
    3435 Wilshire Blvd, Suite 2700
7   Los Angeles, CA 90010
    Telephone: (323) 487-9151
8   Facsimile: (866) 652-7819

9   DARA TABESH, State Bar No. 230434
      *dara.tabesh@ecotechlaw.com*
10  ZEPHYR ANDREW. State Bar No. 269272
      *zephyr.andrew@ecotechlaw.com*
11  **ECOTECH LAW GROUP, P.C.**
    5 Third Street, Suite 700
12  San Francisco, CA 94103
    Telephone: (415) 503-9164
13  Facsimile: (415) 651-8639

14  *Attorneys for Plaintiff MICHAEL PEARSON*
15  *Caption continued on next page*

16          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17              **FOR THE COUNTY OF LOS ANGELES**

18                      **CENTRAL DISTRICT**

19  MICHAEL PEARSON, individually and on     CASE NO. 20STCV31684
    behalf of all others similarly situated,  (related to Case No. 20STCV26420)
20
                                              *Assigned to Hon. Carolyn B. Kuhl, Dept. 12*
21          Plaintiff,
                                              **JOINT STATUS CONFERENCE**
22  v.                                        **STATEMENT**

23  AJR Films, Inc.; Mill Ticket Entertainment,  Date:   January 29, 2021
    LLC; Sayven Entertainment Corporation;       Time:   10:30 a.m.
24  West Brands, LLC; and DOE ONE through        Dept:   12
    and including DOE TEN,                       Place:  Spring Street Courthouse
25                                                       312 Spring Street
            Defendants.                                  Los Angeles, California 90012
26

27
                                              Complaint Filed:  August 20, 2020
28

───────────────────────────────────────────────
                **JOINT STATUS CONFERENCE STATEMENT**

                                              REMOVAL EXHIBIT C PAGE 101

RECEIVED

JAN 22 2021

Filing Window

Ashley Farrell Pickett (SBN 271825)
Bryan W. Patton (SBN 294910)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Email: farrellpicketta@gtlaw.com
        pattonbw@gtlaw.com
TEL: 310-586-7700
FAX: 310-586-7800

Attorneys for Defendant
WEST BRANDS, LLC.

2

REMOVAL EXHIBIT C PAGE 102

Plaintiff Michael Pearson ("Pearson") and Defendant West Brands, LLC ("West Brands") hereby submit the following Joint Statement in advance of the Status Conference to be held on January 29, 2021. Defendants Mill Ticket Entertainment, LLC ("Mill Ticket"), AJR Films, Inc. ("AJR"), and Sayven Entertainment Corporation ("Sayven") have not yet appeared in this case.

1.      **PARTIES AND COUNSEL:**

*Plaintiff*: *MICHAEL PERASON* is the proposed class representative in this case.  He is represented by Plaintiff's counsel listed in the caption above:

Counsel:       Frank H. Kim (SBN 264609)
               **KIM LEGAL, APC**
               3435 Wilshire Blvd, Suite 2700
               Los Angeles, CA 90010
               Telephone: (323) 487-9151
               Email: fkim@kim-legal.com

               Helen U. Kim (SBN 260195)
               **HELEN KIM LAW, APC**
               3435 Wilshire Blvd, Suite 2700
               Los Angeles, CA 90010
               Telephone: (323) 487-9151
               Email: helen@helenkimlaw.com

               Dara Tabesh (SBN 230434)
               Zephyr Andrew (SBN 269272)
               **ECOTECH LAW GROUP, P.C.**
               5 Third Street, Suite 700
               San Francisco, CA 94103
               Telephone: (415) 503-9164
               Email: dara.tabesh@ecotechlaw.com
               *zephyr.andrew@ecotechlaw.com*

*Defendant West Brands:* Defendant West Brands, LLC is represented by counsel listed in the caption above:

Counsel:       Ashley Farrell Pickett (SBN 271825)
               Bryan W. Patton (SBN 294910)
               **GREENBERG TRAURIG, LLP**
               1840 Century Park East, Suite 1900
               Los Angeles, CA 90067-2121
               Email: farrellpicketta@gtlaw.com
                      pattonbw@gtlaw.com
               TEL: 310-586-7700
               FAX: 310-586-7800

2.      **STATUS OF PLEADINGS:**

3

REMOVAL EXHIBIT C PAGE 103

*Plaintiff's Position*:   No Defendant has filed an Answer to the Complaint. Defendant West Brands, LLC has filed a Notice of Appearance.

Plaintiff requests permission to file a First Amended Complaint to, among other things, add a claim under the Private Attorneys General Act, add and/or remove defendants, and amend the underlying factual allegations.

*Defendant West Brands' Position:* Defendant West Brands has filed a notice of appearance and has not yet filed a responsive pleading.

As explained in the Parties' positions on Case Management below, the Parties request that the stay of this matter remain in place for 60 days with the limited exception that it be lifted for the sole purpose of allowing Plaintiff to file a First Amended Complaint.  At that time, Defendant West Brands will assess its position on a responsive pleading.

**3.      POTENTIAL ADDITIONAL PARTIES**

*Plaintiff's Position*:  Plaintiff does not presently intend to add additional class representatives.

Plaintiff may add Very Good Touring, Inc. as a joint employer.  Plaintiff's investigations remain ongoing and reserves the right to add or remove other defendant(s) as necessary.

*Defendant West Brands' Position:* At this time, Defendant West Brands does not plan to file a cross complaint to add additional parties, but its investigation is ongoing.

**4.      IMPROPERLY NAMED DEFENDANT(S)**

*Plaintiff's Position*: Plaintiff intends to dismiss defendants Mill Ticket Entertainment, LLC and Sayven Entertainment Corporation.  Plaintiff maintains that the other defendants are properly named.

*Defendant West Brands' Position:* Defendant West Brands is assessing whether it is the properly named entity based on Plaintiff's theory of liability and maintains that it did not hire or control Plaintiff and putative class members he may seek to represent. The parties are continuing to meet and confer on this issue and it is Defendant West Brand's position that Plaintiff must dismiss West Brands if it is determined to not be a properly named entity.

5.    **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE:**

*Plaintiff's Position*: Plaintiff is an adequate class representative with no known conflicts with any members of the class.

*Defendant West Brands' Position:* Defendant West Brands did not hire or control Plaintiff or any of putative class members he may seek to represent and does not currently have any information regarding the adequacy of Plaintiff as a class representative at this time. Defendant West Brands has yet to conduct any discovery in this matter and thus believes that it is premature to assess Plaintiff's adequacy as a class representative. Defendant West Brands reserves its right to assert defenses to Plaintiff's adequacy and class representative status at a later time.

6.  **ESTIMATED CLASS SIZE**

*Plaintiff's Position*: Plaintiff's initial estimate of the potential class size is approximately or in excess of 500 putative members.

*Defendant West Brands' Position:* Defendant West Brands did not hire or control Plaintiff or any of putative class members he may seek to represent and currently does not have an estimate of the class size in this matter. Once Plaintiff files his anticipated First Amended Complaint, Defendant West Brands will seek to investigate the number of putative class members and allegedly aggrieved employees under the Private Attorneys General Act.

7.  **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS**

*Plaintiff's Position*: This case was deemed related to the case of *Leon v. Live Nation Worldwide, Inc., Art Partner, Inc., Andrew Hewitt & Bill Silva Presents, and Kanye West*, Case No. 20STCV26420 (Los Angeles Superior Court) (filed July 10, 2020) on December 3, 2020.

However, Plaintiff understands that the *Leon* matter has settled on an individual basis and that the class allegations will be dismissed without prejudice.

*Defendant West Brands' Position:* The *Leon* matter has settled on an individual basis and Plaintiff Leon's counsel is in the process of submitting a request for dismissal of class allegations without prejudice in that matter. Accordingly, the potential for overlapping class allegations is likely to no longer be a concern in the near-future.

REMOVAL EXHIBIT C PAGE 105

With that said, given the ambiguities of Plaintiff's current pleading, Defendant West Brands is currently unable to fully assess any class overlap between this *Pearson* action and *Leon*, but understands that Plaintiff intends to file a First Amended Complaint, which it hopes will provide additional clarity.  Defendant West Brands notes that whether the proper parties have been named as defendants in *Pearson* and/or *Leon* is an open question.  The Parties are actively investigating and meeting conferring regarding the identities of the proper defendants in this *Pearson* action.

## 8.   RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:

*Plaintiff's Position*: Plaintiff is not presently aware of any applicable arbitration and/or class action waiver clauses.

*Defendant West Brands' Position:* Defendant West Brands is not currently aware of any arbitration agreements or class action waiver clauses applicable to this action.

## 9.  POTENTIAL EARLY CRUCIAL MOTIONS

*Plaintiff's Position*: Plaintiff anticipates filing a motion for class certification, and potentially, summary judgment motions.

*Defendant West Brands' Position:* As explained in the Parties' positions on Case Management below, the Parties request that the stay of this matter remain in place for 60 days with the limited exception that it be lifted for the sole purpose of allowing Plaintiff to file his First Amended Complaint.  Once Plaintiff files his anticipated First Amended Complaint, Defendant West Brands will assess its position on a responsive pleading and early motion practice.

## 10. CLASS CONTACT INFORMATION

*Plaintiff's Position*: Plaintiff proposes that a third-party claims administrator send out a *Belaire-West* notice to the class. Plaintiff will meet and confer with Defendants regarding the form of notice.  Plaintiff proposes that class-wide discovery on damage issues be deferred until after trial on liability.

**Defendant West Brands' Position:** It is premature to consider the exchange of class contact information, as: (i) Plaintiff's current Complaint fails to state a claim; (ii) Plaintiff has stated an intention to file a First Amended Complaint; (iii) several named defendants have yet to appear; and (iv) the parties are in the process of assessing whether the correct defendant entities have been named.

Once Plaintiff files his First Amended Complaint, Defendant West Brands will determine whether Plaintiff states a claim, and if so, the Parties can work together to employ a protective order as a means to avert the time and expense of a *Belaire West* notice. As Defendant West Brands may be an improperly named entity and did not hire or control the putative class members at issue in this action, it believes putative class member information will need to be ascertained from another defendant entity.

**11. PROTECTIVE ORDERS**

**Plaintiff's Position**: Plaintiff will agree to a Protective Order, substantially similar to the template provided by the Los Angeles Superior Court – Complex Division, which would be submitted for entry by Stipulation.

**Defendant West Brands' Position:** Once the pleadings are settled, and the stay on discovery is lifted, Defendant West Brands will agree to a Protective Order that is substantially similar to the template by the Los Angeles Superior Court – Complex Division.

**12.   DISCOVERY:**

**Plaintiff's Position:** Plaintiff seeks discovery relevant to naming all of the proper defendants in this action and their roles concerning the employment of Plaintiff.

Plaintiff also seeks discovery relevant to class certification, including class contacts, class size, and Defendants' policies and practices regarding hiring extra background talent.

Plaintiff will serve written discovery on these issues as appropriate and anticipates taking approximately five depositions with respect to class certification issues.

In addition, Plaintiff proposes that a third-party claims administrator send out a *Belaire-West* notice to the class with costs split between the parties. Plaintiff will meet and confer with Defendants regarding the form of notice.

7

REMOVAL EXHIBIT C PAGE 107

***Defendant West Brands' Position:*** As explained in the Parties' positions on Case Management below, the Parties request that the stay of this matter remain in place for 60 days with the limited exception that it be lifted to allow Plaintiff to file his First Amended Complaint.  The Parties thus request that the Court's current stay on discovery remain in place at least until the continued Status Conference to be set at least 60 days out.

Defendant West Brands does not believe that Plaintiff's Complaint states a cause of action as to any claim, but instead impermissibly parrots the language of the statues cited.[1] Plaintiff has stated that he intends to file a First Amended Complaint. As such, Defendant West Brands is not yet in a position to admit or deny the allegations of the pleading. Defendant West Brands believes that discovery should not commence until the scope of the action has been determined and an answer has been filed. If Plaintiff does state a claim, Plaintiff should then articulate a means, including some common proof, but which he believes a class should be certified.

**13.     INSURANCE COVERAGE:**

***Plaintiff's Position:***  Plaintiff is not aware of the parameters of the applicable insurance coverage.

***Defendant West Brands' Position:*** Defendant West Brands is not currently aware of any insurance coverage applicable to this matter.

**14.     ALTERNATIVE DISPUTE RESOLUTION:**

***Plaintiff's Position:*** Plaintiff is amenable to early mediation once all the appropriate parties have been identified, named, and served and will discuss the possibility of early mediation in this case.

***Defendant West Brands' Position:*** As explained in the Parties' positions on Case Management below, the Parties request that the stay of this matter remain in place for 60 days with

---

[1] *See Hawkins*, *supra*, 223 Cal.App.4th at p. 478–79 ("parroting the language of [the statute] in the complaint is insufficient to state a cause of action under the statute"); *Fisher*, *supra*, 214 Cal.App.3d at p. 604 ("where, as here, a plaintiff seeks to allege a violation of a statute, the 'facts in support of each of the requirements of a statute upon which a cause of action is based must be specifically pled'"); *Carter*, *supra*, 198 Cal.App.4th at p. 403, 410 ("Facts, not conclusions, must be pleaded and where statutory remedies are invoked, the facts must be pleaded with particularity.")

REMOVAL EXHIBIT C PAGE 108

the limited exception that it be lifted for the sole purpose of allowing Plaintiff to file a First Amended Complaint. Defendant West Brands is amenable to exploring the possibility of early mediation.

**15.      TIMELINE FOR CASE MANAGEMENT:**

*Joint Position:* The Parties propose scheduling the next Status Conference approximately 60 days from the Initial Status Conference to allow time for Plaintiff to amend the Complaint and establish contact with counsel for each named defendant. The Parties propose lifting the current stay for the sole purposes of permitting Plaintiff to file a First Amended Complaint, but otherwise leaving the stay in place. Plaintiff expects amendments to the Complaint to include the addition of a Private Attorney General Act claim and, *inter alia*, amendments to add and to certain allegations pursuant to discussions with counsel for Defendant West Brands, which remain ongoing, in the hopes of avoiding the filing of and/or narrowing the scope of a demurrer and/or motion to strike.

**16.      ELECTRONIC SERVICE OF PAPERS**

*Plaintiff's Position:* Plaintiff is amenable to using Case Anywhere for purposes of electronic service of papers.

*Defendant West Brands' Position:* Defendant is amenable to using Case Anywhere for purposes of electronic service of papers.

9

1

2    DATED: January 22, 2021                Respectfully submitted,

3                                           **KIM LEGAL, APC**
                                            **HELEN KIM LAW, APC**
4                                           **ECOTECH LAW GROUP, P.C.**

5

6                                           By:_____/s/ Frank Kim_____
                                               Frank Kim
7                                              Helen Kim
                                               Dara Tabesh
8                                              Attorneys for Plaintiff Michael Pearson

9

10

11   DATED: January 22, 2021                Respectfully submitted,

12                                          **GREENBERG TRAURIG, LLP**

13

14                                          By:_____

15                                             Ashley Farrell Pickett
                                               Bryan W. Patton
16                                             Attorneys for Defendant
                                               WEST BRANDS, LLC

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067.**

On January 22, 2021, I served the **DEFENDANT'S NOTICE OF APPEARANCE OF COUNSEL** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST.**

☐    **(BY MESSENGER SERVICE)**
By consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐    **BY OVERNIGHT COURIER**:  I caused such envelope to be placed for collection and delivery in accordance with standard overnight delivery procedures for delivery the next business day.

☒    **(BY E-MAIL)**
I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above.  The document(s) was served electronically and the transmission was reported complete and without error.

☐    **(BY MAIL)**
    ☐    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.
    ☐    I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒    **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on January 22, 2021, at Los Angeles, California.

*Cheryl D. Beatty*
Cheryl D. Beatty

REMOVAL EXHIBIT C PAGE 111

*SERVICE LIST*

| | |
|---|---|
| FRANK H. KIM<br>KIM LEGAL, APC<br>3435 Wilshire Blvd, Suite 2700<br>Los Angeles, CA 90010<br>Tel: (323) 482-3300<br>Fax: (866) 652-7819 | *Attorneys for Plaintiff Michael Pearson* |
| HELEN U. KIM<br>HELEN KIM LAW, APC<br>3435 Wilshire Blvd, Suite 2700<br>Lod Angeles, CA 90010<br>Tel: (323) 487-9151<br>Fax: (866) 652-7819 | *Attorneys for Plaintiff Michael Pearson* |
| DARA TABESH<br>ECOTECH LAW GROUP, P.C.<br>5 Third Street, Suite 700<br>San Francisco, CA 94103<br>Tel: (415) 503-9164<br>Fax: (415) 651-8639 | *Attorneys for Plaintiff Michael Pearson* |
| AJR Films, Inc.<br>c/o Rick Server<br>29 Orinda Way #1834<br>Orinda, CA 94563<br><br>Chris A. Jalian, Esq.<br>Paul Hastings, LLP<br>515 S. Flower Street, 25th Fl.<br>Los Angeles, CA 90071 | |
| Sayven Entertainment Corporation<br>c/o Ben Artikov<br>7607 Santa Monica Blvd., Ste. 25<br>Los Angeles, CA 90028 | |
| Mill Ticket Entertainment, LLC<br>c/o Edward Mills<br>1018 S. Los Angeles St.<br>Los Angeles, CA 90015 | |

PROOF OF SERVICE

FILED
Superior Court of California
County of Los Angeles

JAN 2 9 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Lori M'Greene

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

MICHAEL PEARSON

            Plaintiff,

  vs.

WEST BRANDS, LLC, et al.

           Defendant.

Case No.  20STCV31684

ORDER AUTHORIZING ELECTRONIC
SERVICE (CASE ANYWHERE)

Assigned for All Purposes to:
HON. CAROLYN B. KUHL
Department 12, Spring Street Courthouse

The Court has deemed this matter to be complex litigation within the meaning of the California Standards of Judicial Administration for Complex Litigation Section 19 and California Rules of Court, rules 3.400 et. seq. As such, this is a case that requires specialized management to avoid placing unnecessary burdens on the Court or the litigants, and to keep costs reasonable.

Pursuant to Code of Civil Procedure §187 and California Rule of Court, Rules 2.253(a) and 3.751, and the stipulation of the parties, the Court makes this Order to reduce the costs of litigation; to facilitate case management, document retrieval, and case organization; and to facilitate communication between Court and counsel in these proceedings.  The Court finds that entry of this Order is necessary for the just, expeditious, and efficient litigation of this Action and

REMOVAL EXHIBIT C PAGE 113

that compliance with the terms herein will not result in unnecessary hardship or significant prejudice to any of the parties in this matter.

When a party to this litigation wishes to serve a document to counsel of record, that party shall effectuate service of the document by the procedure set forth in this Order (subject to the exceptions outlined herein):

## I.   CASE ANYWHERE LLC ("CASE ANYWHERE")

In order to facilitate case management, document retrieval and case organization, the parties will utilize the services of CASE ANYWHERE and its litigation system (the "System") for providing electronic service, storage and delivery of court-filed and discovery-related documents through a secure website to facilitate expeditious, efficient and economical communication by and amongst counsel.  The Court, at its option, may also use CASE ANYWHERE and its System for these purposes as well to communicate with counsel of record.

## II.   SERVICE ONLY

The System shall apply only to the service of documents, and not to their filing.  Original documents must still be filed in the traditional manner (i.e., filing the signed original document with the Court), pursuant to the applicable California Code of Civil Procedure and Local Rules of such Court.

## III.   SERVICE LIST & SIGN-UP

Within five (5) days of this Order, Plaintiff's counsel shall submit to the CASE ANYWHERE representative Wayne Nitti, at support@caseanywhere.com, a complete and current service list of counsel of record for this litigation.  Within five days of this Order, all law

REMOVAL EXHIBIT C PAGE 114

firms of record shall provide the following information to CASE ANYWHERE:  (i) firm address; (ii) firm telephone number; (iii) firm facsimile number; (iv) identity of lead attorney(s) for this litigation; (v) list of other firm attorneys to be provided access (if any); (vi) list of firm professional staff to be provided access (if any); (vii) email addresses of all attorneys and professional staff to be provided access; and (viii) list of parties represented.  Firms should also provide the name and address of the individual designated to receive billing invoices.  The above information shall be provided to CASE ANYWHERE by email (support@caseanywhere.com), citing the case title in the subject line; fax (310.564.7701); or mail/overnight courier (CASE ANYWHERE LLC, 1250 Sixth Street, Suite 205, Santa Monica, CA 90401).

## IV.    SERVICE OF DOCUMENTS AND WEBSITE

When any counsel of record wishes to serve a document, that counsel shall serve the document according to all the requirements and procedures of this Order.  All references to "document" in this Order shall be interpreted to include any exhibits or attachments to the document and shall include both pleadings and discovery-related documents (such as interrogatories, requests for production, deposition notices, etc.); provided, however, that each attorney shall determine individually whether to utilize the System to serve correspondence or for production of discovery documents, provided large volume productions shall be coordinated with CASE ANYWHERE.

CASE ANYWHERE shall establish and maintain an Internet website (the "Website") for this litigation.  CASE ANYWHERE will post all documents served by the parties to the Website as provided in this Order and shall serve each document on the parties included on the service list provided to CASE ANYWHERE in accordance with the procedures herein.

REMOVAL EXHIBIT C PAGE 115

Each attorney shall serve each document via electronic transfer of the document file to CASE ANYWHERE via the Internet (either as a word-processing file or a scanned image of the document). Each attorney shall title each document to identify the type and purpose of each document and the party who is submitting such document. Each document electronically served pursuant to this Order shall be deemed to have been served under the California Rules of Civil Procedure. All documents including attachments or exhibits shall have the attachments and exhibits bookmarked on the PDF documents uploaded to the Case Anywhere website.

After CASE ANYWHERE receives a document, CASE ANYWHERE shall convert such document into Adobe Portable Document Format ("PDF") and post it to the Website within one (1) hour of receipt.

Within one (1) hour of the time a document is posted to the Website, CASE ANYWHERE shall send an email to all registered users notifying them that the document has been posted to the Website (unless such registered user has declined to receive such email notifications). The email shall contain hypertext link(s) to the System.

Electronic service shall be complete at the time of transmission, provided any period of notice or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic transmission by two court days, but the extension shall not extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal.

In the event a document that is to be filed with the Court is rejected by the Court for filing after it has been posted on the Website by CASE ANYWHERE, the rejection was caused by an aspect of the caption of the document, and the party seeking to file the document

REMOVAL EXHIBIT C PAGE 116

successfully files it with the Court within two (2) business days of its rejection with revisions to the caption only, then the party filing the document shall promptly submit a notice of successful filing, including the date of the filing and the revised page(s) of the caption, to CASE ANYWHERE for posting on the Website.  In all other circumstances in which a document to be filed with the Court is rejected for filing after CASE ANYWHERE has posted it on the Website, the party that caused the document to be posted shall promptly notify CASE ANYWHERE in writing that the document was rejected by the Court for filing.  CASE ANYWHERE shall cause a permanent notation to be placed on the Website in conjunction with that document memorializing the fact of rejection.

All documents posted on the System will be identified by: (a) the name of the serving law firm; (b) the caption(s) of the case(s) to which the document belongs; (c) the title of the document set forth on its caption; and (d) the identity of the party on whose behalf the document is being served.

The System shall contain an index of all served documents for the litigation that will be searchable and sortable according to methods that provide useful 24/7 365 days' access to the documents.

Access to the System will be limited to registered users.  Registered users will consist of authorized Court personnel, counsel of record and their designated staff members, clients, consultants, and experts.  CASE ANYWHERE will provide each registered user with a user name and password to access the System and the documents served in the litigation.  CASE ANYWHERE personnel will perform all administrative functions for the System, but all initial data, additions, deletions or changes to the service list must be approved by the lead counsel for

Plaintiffs and Defendants.  Any disputes regarding initial data, additions, deletions or changes to the service list shall be submitted by CASE ANYWHERE to the Court for resolution.

Every pleading, document and instrument served electronically shall bear a facsimile or typographical signature of at least one of the attorneys of record, along with the typed name, address, telephone number and State Bar of California number of such attorney.  Typographical signatures shall be treated exactly as personal signatures for purposes of electronically served documents under the California Code of Civil Procedure.  The serving party of any document requiring multiple signatures (e.g., stipulations, joint status reports) must list thereon all the names of other signatories by means of an "s/____" block for each.  By submitting such a document, the serving party certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the serving party has the actual authority to submit the document electronically.  The serving party must maintain any records evidencing this concurrence for subsequent production to the Court if so ordered or for inspection upon request by a party.

Any document transmitted to the System shall certify in the Proof of Service that a true and correct copy was electronically served on counsel of record by transmission to CASE ANYWHERE.

Until further notice, documents filed under seal ("sealed documents") shall not be served through the System.  Instead, the service of sealed documents shall be made pursuant to the applicable California Code of Civil Procedure.

CASE ANYWHERE shall have available to counsel of record and the Court a telephone ((800) 884-3163) and e-mail (support@caseanywhere.com) helpline available 365 days a year for the minimum hours of 6:00 a.m. to 9:00 p.m. (PST).

REMOVAL EXHIBIT C PAGE 118

Counsel for Plaintiff is ordered to prepare, serve and file within 5 days, a Service List identifying all parties and their counsel which shall include the name of lead and backup attorneys, addresses, including email addresses, and telephone numbers for all counsel.  Counsel for Plaintiff is further ordered to serve a copy of this ORDER AUTHORIZING ELECTRONIC SERVICE on all counsel concurrently with service of the Service List.

CASE ANYWHERE shall activate the message/bulletin board function for the above entitled case. All attorneys on the service list will automatically have access to the Message Boards and start to receive e-mail notifications of new message board postings. If an attorney does not want to receive the e-mail notifications or wants other staff members to receive e-mail notifications, they are to contact customer support at CASE ANYWHERE LLC, (800) 884-3163 or (310) 209-8596.

**IT IS SO ORDERED**.

Dated:  1/29/2021

_____
CAROLYN B. KUHL
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**20STCV31684**                                                    January 29, 2021
**MICHAEL PEARSON vs WEST BRANDS, LLC, et al.**                                10:30 AM

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Frank H Kim LaCourtConnect; Dara Tabesh LaCourtConnect

For Defendant(s): Ashley Michelle Farrell Pickett LaCourtConnect

**NATURE OF PROCEEDINGS:** Initial Status Conference

The matter is called for hearing.

The stay as to pleadings is lifted for the purposes of filing an Amended Complaint only and the stay as to discovery is to remain in place.

The Court signs and files the Order re: Authorizing Electronic Service for Case Anywhere this date and a conformed copy is provided to Plaintiff's counsel via e-mail.

Further Status Conference is scheduled for 03/30/2021 at 11:00 AM in Department 12 at Spring Street Courthouse.

Notice is waived.

REMOVAL EXHIBIT C PAGE 120

**SUM-100**

**SUMMONS** ON FIRST
**(CITACION JUDICIAL)** AMENDED
COMPLAINT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Superior Court of California
County of Los Angeles

MAR 29 2021

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Maisha Pryor

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

West Brands, LLC, a Delaware limited liability company;
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Michael Pearson, as an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
|---|---|
| (El nombre y dirección de la corte es): Stanley Mosk Courthouse Superior Court of California, County of Los Angeles 111 N. Hill St., Los Angeles, CA 90012 | 20STCV31684 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Frank H. Kim; Kim Legal, APC, 3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010; (323) 482-3300

DATE: MAR 2 6 2021   MAR 2 9 2021   SHERRI R. CARTER   Clerk, by   Maisha Pryor   , Deputy
(Fecha)   (Secretario)   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Michael Pearson v. West Brands, LLC, et al. | 20STCV31684 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Very Good Touring, Inc., a California corporation;
Kanye West, an individual;
AJR Films Inc., a California corporation; and
DOES 1 through 50, inclusive,

Page    1    of    1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

FILED BY FAX
(CRC 2005)

1   FRANK H. KIM (SBN 264609)
      *fkim@kim-legal.com*
2   **KIM LEGAL, APC**
    3435 Wilshire Blvd, Suite 2700
3   Los Angeles, CA 90010
    Telephone: (323) 482-3300
4   Facsimile: (866) 652-7819

5   HELEN U. KIM (SBN 260195)
      *helen@helenkimlaw.com*
6   **HELEN KIM LAW, APC**
    3435 Wilshire Blvd, Suite 2700
7   Los Angeles, CA 90010
    Telephone: (323) 487-9151
8   Facsimile: (866) 652-7819

9   DARA TABESH (SBN 230434)
      *dara.tabesh@ecotechlaw.com*
10  **ECOTECH LAW GROUP, P.C.**
    5 Third Street, Suite 700
11  San Francisco, CA 94103
    Telephone: (415) 503-9164
12  Facsimile: (415) 651-8639

13
    *ATTORNEYS FOR PLAINTIFF MICHAEL PEARSON*
14
15              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                  **FOR THE COUNTY OF LOS ANGELES**

17
18  MICHAEL PEARSON, individually and on        Case No.: 20STCV31684
    behalf of all others similarly situated,    (related to Case No. 20STCV26420)
19
20              Plaintiff,                       *Assigned to Hon. Carolyn B. Kuhl, Dept. 12*
           v.
                                                 **PROOF OF SERVICE**
21  West Brands, LLC, a Delaware limited
    liability company; Very Good Touring, Inc., a   Complaint Filed:  August 20, 2020
22  California corporation; Kanye West, an
    individual; AJR Films Inc., a California
23  corporation; and DOES 1 through 50,
    inclusive,
24
25              Defendants.
26
27
28

                                          1
                               PROOF OF SERVICE

REMOVAL EXHIBIT C PAGE 123

FILED
Superior Court of California
County of Los Angeles

MAR 29 2021

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
    Maisha Pryor

1

<u>**PROOF OF SERVICE**</u>

2

**Pearson v. West Brands, LLC, et al.**

3

**20STCV31684**

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5

At the time of service, I was over 18 years of age and not a party to this action. My

6

business address is: 3435 Wilshire Blvd., Ste. 2700, Los Angeles, CA 90010

7

On March 29, 2021, I served true copies of the following document(s) described as:

8

**1.  FIRST AMENDED COMPLAINT, SUMMONS, SUMMONS ADDITIONAL**

**DEFENDANTS**

9

10

on the interested parties in this action as follows:

11

Ashley Farrell Pickett
Bryan W. Patton

Britany M. Engelman Hicks, Esq.

12

**GREENBERG TRAURIG, LLP**

**Engelman Law, APC**
9595 Wilshire Blvd., Suite 900

13

1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Email: farrellpicketta@gtlaw.com

Beverly Hills, CA 90212
Email:bme@engelmanlawfirm.com

14

Email: pattonbw@gtlaw.com

***Attorneys for AJR FILMS, INC***

***Attorneys for WEST BRANDS, LLC***

15

16

**BY E- MAIL:** I caused a copy of the document(s) to be sent from e-mail address fkim@kim-legal.com to the persons at the e-mail addresses listed above.

17

18

I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

19

Executed on March 29, 2021, at Los Angeles, California.

20

21

22

_____

23

Frank Kim

24

25

26

27

28

REMOVAL EXHIBIT C PAGE 124

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**20STCV31684**                                                                March 30, 2021
**MICHAEL PEARSON vs WEST BRANDS, LLC, et al.**                               11:00 AM

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: L. M'Greene | ERM: None |
| Courtroom Assistant: M. Miro | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Frank H Kim LACourtConnect; Dara Tabesh LACourtConnect

For Defendant(s): Ashley Michelle Farrell Pickett LACourtConnect

Other Appearance Notes: Britany Engelman - Defendant - LACourtConnect

**NATURE OF PROCEEDINGS:** Further Status Conference

The matter is called for hearing.

The Court and counsel discuss mediation.

On the Court's own motion, the Further Status Conference scheduled for 03/30/2021 is continued to 05/17/2021 at 11:00 AM in Department 12 at Spring Street Courthouse.

A Joint Status Report is to be filed five court days prior to the hearing.

Counsel is ordered to serve the ISC order on the new defendant.

Both the pleading and discovery stays remain in place.

Plaintiff is to provide notice.

REMOVAL EXHIBIT C PAGE 125

# Message Board

Case:                    **Leon, et al. v. Live Nation Worldwide, Inc., et al.**

Case Info:               **20STCV26420 (Dismissed) and Related Case (20STCV31684), Los Angeles Superic**

Display:                  **Message Thread**

| Replies | Date & Time Posted (PDT) | Submitted By | Submitted To | Message |
|---------|--------------------------|--------------|--------------|---------|
| **0** | 4/13/21 1:25 PM | Michelle Miro (Los Angeles Superior Court) | Court and All Counsel | Message Title:  05/17/2021 11:00 AM Further Status Conference<br>Message:<br><br>You are hereby notified the Further Status Conference set for May 17, 2021 at 11:00 am is continued to May 19, 2021 at 11:30 am.<br><br>Department 12 |

**Message Count: 1**

FRANK H. KIM (SBN 264609)
   *fkim@kim-legal.com*
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

HELEN U. KIM (SBN 260195)
   *helen@helenkimlaw.com*
**HELEN KIM LAW, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

DARA TABESH (SBN 230434)
   *dara.tabesh@ecotechlaw.com*
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

*ATTORNEYS FOR PLAINTIFF MICHAEL PEARSON*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL PEARSON, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>West Brands, LLC, a Delaware limited liability company; Very Good Touring, Inc., a California corporation; Kanye West, an individual; AJR Films Inc., a California corporation; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: 20STCV31684<br>(related to Case No. 20STCV26420)<br><br>*Assigned to Hon. Carolyn B. Kuhl, Dept. 12*<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Date:  May 19, 2021<br>Time:  11:30 a.m.<br>Dept:  12<br>Place:  Spring Street Courthouse<br>            312 Spring Street<br>            Los Angeles, California 90012<br><br>Complaint Filed:  August 20, 2020 |

JOINT STATUS CONFERENCE STATEMENT

REMOVAL EXHIBIT C PAGE 127

1   Ashley Farrell Pickett (SBN 271825)
    Bryan W. Patton (SBN 294910)
2   **GREENBERG TRAURIG, LLP**
3   1840 Century Park East, Suite 1900
    Los Angeles, CA 90067-2121
4   Email: farrellpicketta@gtlaw.com
               pattonbw@gtlaw.com
5   TEL: 310-586-7700
    FAX: 310-586-7800
6

7   Attorneys for Defendant
    WEST BRANDS, LLC.
8

9   BRITANY M. ENGELMAN (SBN:  238618)
    **ENGELMAN LAW, APC**
10  bme@engelmanlawfirm.com
    9595 Wilshire Boulevard, Suite 900
11  Beverly Hills, CA 90212
    Tel:  (310) 424-5889
12  Fax: (310) 693-5480
13
    Attorneys for Defendant, AJR FILMS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

JOINT STATUS CONFERENCE STATEMENT

Plaintiff Michael Pearson ("Pearson"), Defendant West Brands, LLC ("West Brands"), and Defendant AJR Films ("AJR Films") hereby submit the following Joint Statement in advance of the Status Conference to be held on March 30, 2021.

1.    **STATUS OF PLEADINGS:**

***Plaintiff's Position***:

On March 29, 2021, Plaintiff filed a First Amended Complaint to add additional claims, add additional defendants, and to remove defendants.

Plaintiff added a Minimum Wage claim and a PAGA claim.

Plaintiff added Defendants Very Good Touring, Inc. and Kanye West.

Plaintiff removed defendants Sayvan Entertainment, Corporation and Mill Ticket Entertainment LLC.

Plaintiff will be filing Requests for Dismissal of defendants Sayvan Entertainment, Corporation and Mill Ticket Entertainment LLC prior to the May 19 status conference.

On March 29, 2021, Plaintiff had asked counsel for West Brands, LLC, who also represented Defendants Very Good Touring, Inc. and Kanye West in the related and dismissed *Leon* action, Case No. 20STCV26420, whether they would accept service for Defendants Very Good Touring, Inc. and Kanye West. On May 12, 2021, they agreed to accept service, and the pleadings will be served pursuant to this agreement prior to the May 19, 2021 status conference.

No responsive pleading has been filed.

Plaintiffs also ask that the Court lift the stay at the May 19, 2021 Status Conference so that the parties may begin class discovery in this matter. While Plaintiff agrees that the parties should continue to explore the possibility of early mediation, including working out the parameters of such a mediation, Plaintiff does not believe that continuing the present stay is appropriate and that it would only serve to delay matters further.

***Defendant West Brands' Position:***

JOINT STATUS CONFERENCE STATEMENT

REMOVAL EXHIBIT C PAGE 129

Defendant West Brands has filed a notice of appearance and has not yet filed a responsive pleading.  At the Parties' January 29, 2021 status conference, the Court kept the stay of this action in place, but granted Plaintiff leave to file a First Amended Complaint.  Plaintiff thereafter file an FAC that seeks to add two additional Defendants, Kanye West and Very Good Touring, Inc. As outlined in more detail below, at least one, if not both of these newly added Defendants are improper.   Initial review of the FAC also indicates that it is deficient in numerous additional respects.  The Parties are presently exploring the possibility of mediation. On April 28, 2021, Plaintiff requested information from Defendants in advance of agreeing to mediation that West Brands believes goes beyond the scope of the allegations in the FAC. West Brands, however, is hopeful that the Parties can agree to mediation with reasonable terms, including the informal exchange of information by all Parties that is necessary to assess the allegations in the FAC.   In order to provide the Parties time to explore those discussions without unnecessarily utilizing valuable Court resources or incurring additional legal fees, West Brands would request that the stay of this action remain in place for 30 days.  If at that time, the Parties are not agreeable to mediation, West Brands would request that the Court lift the stay of this action solely for the purposes of setting a briefing schedule on West Brands' anticipated demurrer and motion to strike the FAC.

Counsel for West Brands has conferred with its client and will accept service on behalf of Very Good Touring, Inc. and Kanye West.  This information has been communicated to Plaintiff's counsel and service of Very Good Touring and Kanye West is likely forthcoming.

***Defendant AJR Films' Position:*** Defendant AJR Films has not yet filed a responsive pleading.

AJR Films, Inc. respectfully asks that the Court extend the stay of this matter for an additional forty-five (45) days to allow Counsel time to continue discussions regarding potentially engaging in early mediation.

## 2.   POTENTIAL ADDITIONAL PARTIES:

***Plaintiff's Position***: Plaintiff presently does not intend to add additional parties to the

JOINT STATUS CONFERENCE STATEMENT

REMOVAL EXHIBIT C PAGE 130

First Amended Complaint.

*Defendant West Brands' Position:* At this time, Defendant West Brands does not plan to file a cross complaint to add additional parties, but its investigation is ongoing.

*Defendant AJR Films' Position: :* At this time, Defendant AJR Films does not plan to file a cross-complaint to add additional parties, but its investigation is ongoing.

### 3.    IMPROPERLY NAMED DEFENDANT(S):

*Plaintiff's Position*: Plaintiff maintains that defendants named in the First Amended Complaint are properly named.

*Defendant West Brands' Position:* Defendant West Brands is assessing whether it is the properly named entity based on Plaintiff's theory of liability and maintains that it did not hire or control Plaintiff and putative class members he may seek to represent. The parties are continuing to meet and confer on this issue and it is Defendant West Brand's position that Plaintiff must dismiss West Brands if it is determined to not be a properly named entity.

Plaintiff's FAC seeks to improperly add Kanye West as a defendant in this action, which Plaintiff had never previously raised with Defense Counsel despite repeated meet and confer efforts.  Plaintiff also seeks to add Very Good Touring, Inc., which may also be an improper defendant in this action, although West Brands' investigation is ongoing in that respect.  West Brands maintains that neither it, Kanye West nor Very Good Touring, Inc. hired or controlled Plaintiff and putative class members he may seek to represent.  Defendant will continue to meet and confer with Plaintiff's counsel regarding dismissal of improperly named defendants in this action.

*Defendant AJR Films' Position:* There is presently no indication that AJR Films has been named improperly based on Plaintiff's theory of liability, which AJR Films disputes.

### 4.    ADEQUACY OF PROPOSED CLASS REPRESENTATIVE:

*Plaintiff's Position*: Plaintiff is an adequate class representative with no known conflicts with any members of the class.

*Defendant West Brands' Position:* Defendant West Brands did not hire or control

JOINT STATUS CONFERENCE STATEMENT

REMOVAL EXHIBIT C PAGE 131

Plaintiff or any of putative class members he may seek to represent and does not currently have any information regarding the adequacy of Plaintiff as a class representative at this time. Defendant West Brands has yet to conduct any discovery in this matter and thus believes that it is premature to assess Plaintiff's adequacy as a class representative. Defendant West Brands reserves its right to assert defenses to Plaintiff's adequacy and class representative status at a later time.

***Defendant AJR Films' Position:*** Defendant AJR Films did not hire or control Plaintiff or any of putative class members he may seek to represent and does not currently have any information regarding the adequacy of Plaintiff as a class representative at this time. Defendant AJR Films has yet to conduct any discovery in this matter and thus believes that it is premature to assess Plaintiff's adequacy as a class representative. Defendant AJR Films reserves its right to assert defenses to Plaintiff's adequacy and class representative status at a later time.

**5.   ESTIMATED CLASS SIZE:**

***Plaintiff's Position***: Plaintiff's investigation is ongoing but presently estimates the potential class size to be in excess of 600 putative members.

***Defendant West Brands' Position:*** Defendant West Brands did not hire or control Plaintiff or any of putative class members he may seek to represent and currently does not have an estimate of the class size in this matter. Defendant West Brands will seek to investigate the number of putative class members and allegedly aggrieved employees under the Private Attorneys General Act based on the allegations in Plaintiff's First Amended Complaint.

***Defendant AJR Films' Position:*** It is believed at this time, that the number of putative class members allegedly aggrieved under the Private Attorneys General Act could be up to five hundred (500).

**6.   OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

***Plaintiff's Position***: This case was deemed related to the case of *Leon v. Live Nation Worldwide, Inc., Art Partner, Inc., Andrew Hewitt & Bill Silva Presents, and Kanye West*, Case No. 20STCV26420 (Los Angeles Superior Court) (filed July 10, 2020) on December 3, 2020.

6

However, Plaintiff understands that the *Leon* matter has settled on an individual basis and that the class allegations have been dismissed without prejudice.

***Defendant West Brands' Position:*** The related *Leon* matter has settled on an individual basis and the Court granted plaintiff Leon's request for dismissal of the class allegations without prejudice on April 29, 2021.  West Brands is not aware of any other pending actions with overlapping class definitions.

***Defendant AJR Films' Position:*** Defendant AJR Films joins in Defendant West Brands' position, as stated above.

## 7. <u>RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:</u>

***Plaintiff's Position***: Plaintiff is not presently aware of any applicable arbitration and/or class action waiver clauses.

***Defendant West Brands' Position:*** Defendant West Brands is not currently aware of any arbitration agreements or class action waiver clauses between West Brands and putative class members that is applicable to this action.

***Defendant AJR Films' Position:*** Defendant AJR Films joins in Defendant West Brands' position, as stated above.

## 8. <u>POTENTIAL EARLY CRUCIAL MOTIONS:</u>

***Plaintiff's Position***: Plaintiff anticipates filing a motion for class certification, and potentially, summary judgment motions.

***Defendant West Brands' Position***: As outlined above, the FAC has improperly named Kanye West as a Defendant.  West Brands is also continuing to investigate whether it or Very Good Touring, Inc. are proper Defendants in this action under Plaintiff's theory of liability—which West Brands disputes.  Moreover, initial review of the FAC also indicates that it is deficient in numerous additional respects, including but not limited to failing to state a claim against any Defendant in this action and instead impermissibly parroting the language of the

7

JOINT STATUS CONFERENCE STATEMENT

statues cited.[1]  If litigation of this action moves forward, West Brands anticipates meeting and conferring with Plaintiff's counsel to address these defects, and absent Plaintiff's agreement to file an amended compliant pleading, West Brands anticipates filing a demurrer and motion to strike the FAC.

The Parties are presently exploring the possibility of mediation.  On April 28, 2021, Plaintiff requested information from Defendants in advance of agreeing to mediation that West Brands believes goes beyond the scope of the allegations in the FAC. West Brands, however, is hopeful that the Parties can agree to mediation with reasonable terms, including the informal exchange of information by all Parties that is necessary to assess the allegations in the FAC.  In order to provide the Parties time to explore those discussions without unnecessarily utilizing valuable Court resources or incurring additional legal fees, West Brands would request that the stay of this action remain in place for 30 days.  If at that time, the Parties are not agreeable to mediation, West Brands would request that the Court lift the stay of this action solely for the purposes of setting a briefing schedule on West Brands' anticipated demurrer and motion to strike the FAC.

*Defendant AJR Films' Position:* Defendant AJR Films joins in Defendant West Brands' position, as stated above. AJR Films would add that the parties have discussed the possibility of engaging in early mediation, and would request a 45-day extension of the stay which is currently in place to explore same.

### 9.    CLASS CONTACT INFORMATION:

*Plaintiff's Position*: Plaintiff proposes that a third-party claims administrator send out a *Belaire-West* notice to the class. Plaintiff will meet and confer with Defendants regarding the

---

[1] *See Hawkins*, *supra*, 223 Cal.App.4th at p. 478–79 ("parroting the language of [the statute] in the complaint is insufficient to state a cause of action under the statute"); *Fisher*, *supra*, 214 Cal.App.3d at p. 604 ("where, as here, a plaintiff seeks to allege a violation of a statute, the 'facts in support of each of the requirements of a statute upon which a cause of action is based must be specifically pled'"); *Carter*, *supra*, 198 Cal.App.4th at p. 403, 410 ("Facts, not conclusions, must be pleaded and where statutory remedies are invoked, the facts must be pleaded with particularity.")

form of notice.  Plaintiff proposes that class-wide discovery on damage issues be deferred until after trial on liability.

*Defendant West Brands' Position:* As outlined above, the FAC is deficient in numerous respects, including improperly naming Defendant Kanye West and failing to state a claim against any Defendant in this action. In light of the unsettled pleadings in this action, and improperly named defendant, it is premature to consider the exchange of class contact information.

Once the pleadings in this action are settled, the Parties can work together to employ a protective order as a means to avert the time and expense of a *Belaire West* notice. As Defendant West Brands may be an improperly named entity and did not hire or control the putative class members at issue in this action, it believes putative class member information will need to be ascertained from another defendant entity.

*Defendant AJR Films' Position:* Defendant AJR Films joins in Defendant West Brands' position, as stated above.

**10.   PROTECTIVE ORDERS:**

*Plaintiff's Position*: Plaintiff will agree to a Protective Order, substantially similar to the template provided by the Los Angeles Superior Court – Complex Division, which would be submitted for entry by Stipulation.

*Defendant West Brands' Position:* Once the pleadings are settled, and the stay on discovery is lifted, Defendant West Brands will agree to a Protective Order that is substantially similar to the template by the Los Angeles Superior Court – Complex Division.

*Defendant AJR Films' Position:* Defendant AJR Films joins in Defendant West Brands' position, as stated above.

**11.   DISCOVERY:**

*Plaintiff's Position:* Plaintiff seeks discovery relevant to class certification, including class contacts, class size, and Defendants' policies and practices regarding hiring extra background talent.

JOINT STATUS CONFERENCE STATEMENT

REMOVAL EXHIBIT C PAGE 135

Plaintiff will serve written discovery on these issues as appropriate and anticipates taking approximately five depositions with respect to class certification issues.

In addition, Plaintiff proposes that a third-party claims administrator send out a *Belaire-West* notice to the class with costs split between the parties. Plaintiff will meet and confer with Defendants regarding the form of notice.

As mentioned above, Plaintiff asks the Court to lift the present stay at the May 19, 2021 Status Conference so that the parties may begin class discovery in this matter.

***Defendant West Brands' Position:*** As outlined above, the FAC is deficient in numerous respects, including improperly naming Defendant Kanye West and failing to state a claim against any Defendant in this action. In light of the unsettled pleadings in this action, and improperly named defendant, Defendant West Brands believes that discovery should not commence until the scope of the action has been determined and an answer has been filed. Moreover, the Parties must work together to determine the proper defendants in this action. Plaintiff should not be permitted to propound discovery against an improperly named defendant against whom he has failed to state a claim.

***Defendant AJR Films' Position:*** Defendant AJR Films joins in Defendant West Brands' position, as stated above.

**12.**   **INSURANCE COVERAGE:**

***Plaintiff's Position:*** Plaintiff is not aware of the parameters of the applicable insurance coverage.

***Defendant West Brands' Position:*** Defendant West Brands is not currently aware of any insurance coverage applicable to this matter.

***Defendant AJR Films' Position:*** Defendant AJR Films is not aware of any insurance coverage applicable to this matter.

**13.**   **ALTERNATIVE DISPUTE RESOLUTION:**

***Plaintiff's Position:***

On April 27, 2021, counsel for Defendant AJR Films, Inc., reached out to Plaintiff's counsel and counsel for Defendant West Brands, LLC, to revisit discussion of engaging in early mediation.

Later that day, counsel for Defendant West Brands, LLC stated it would be agreeable to early mediation should the case remained stayed.

On April 28, 2021, Plaintiff's counsel responded, stating they would be agreeable to mediation subject to agreement on certain parameters and requested additional information from Defendants to facilitate such an agreement.

On May 12, 2021, Plaintiff was advised that Defendants maintain an interest in pursuing early mediation but that Defendants did not agree to the parameters suggested by Plaintiffs. Plaintiffs intend to meet and confer further with Defense counsel to attempt to schedule an early mediation but does not believe that the current stay should stay in place following the May 19, 2021 Status Conference.

***Defendant West Brands'*** The Parties are presently exploring the possibility of mediation.  On April 28, 2021, Plaintiff requested information from Defendants in advance of agreeing to mediation that West Brands believes goes beyond the scope of the allegations in the FAC. West Brands, however, is hopeful that the Parties can agree to mediation with reasonable terms, including the informal exchange of information by all Parties that is necessary to assess the allegations in the FAC.  In order to provide the Parties time to explore those discussions without unnecessarily utilizing valuable Court resources or incurring additional legal fees, West Brands would request that the stay of this action remain in place for 30 days.

***Defendant AJR Films' Position:*** Defendant AJR Films joins in Defendant West Brands' position, as stated above.

**14.** **TIMELINE FOR CASE MANAGEMENT:**

***Plaintiff's Position:*** Plaintiff requests that the current stay be lifted and that a status conference be scheduled within 6 months.

JOINT STATUS CONFERENCE STATEMENT

REMOVAL EXHIBIT C PAGE 137

***Defendant West Brands' Position***: The Parties are presently exploring the possibility of mediation.  On April 28, 2021, Plaintiff requested information from Defendants in advance of agreeing to mediation that West Brands believes goes beyond the scope of the allegations in the FAC. West Brands, however, is hopeful that the Parties can agree to mediation with reasonable terms, including the informal exchange of information by all Parties that is necessary to assess the allegations in the FAC.  In order to provide the Parties time to explore those discussions without unnecessarily utilizing valuable Court resources or incurring additional legal fees, West Brands would request that the stay of this action remain in place for 30 days.  If at that time, the Parties are not agreeable to mediation, West Brands would request that the Court lift the stay of this action solely for the purposes of setting a briefing schedule on West Brands' anticipated demurrer and motion to strike the FAC.  West Brands contends that in light of the unsettled pleadings in this action, including improperly named Defendant Kanye West, the balance of this action—including discovery—should remain stayed until the pleadings are settled.

***Defendant AJR Films' Position:*** Defendant AJR Films joins in Defendant West Brands' position, as stated above.

JOINT STATUS CONFERENCE STATEMENT

1    DATED: May 14, 2021                    Respectfully submitted,

2                                           **KIM LEGAL, APC**

3                                           **HELEN KIM LAW, APC**
                                            **ECOTECH LAW GROUP, P.C.**
4

5                                           By: __/s/ DARA TABESH_____

6                                               Dara Tabesh
                                                Frank H, Kim
7                                               Helen U. Kim
                                                Attorneys for Plaintiff Michael Pearson
8

9

10   DATED: May 14, 2021                    Respectfully submitted,
11
                                            **GREENBERG TRAURIG, LLP**
12

13
                                            By: _/s/ BRYAN W. PATTON___ _____
14                                              Ashley Farrell Pickett
                                                Bryan W. Patton
15                                              Attorneys for Defendant West Brands, LLC

16
     DATED: May 14, 2021                    Respectfully submitted,
17
                                            **ENGELMAN LAW, APC**
18

19
                                            By: _/s/ BRITANY M. ENGELMAN_____
20
                                                Britany M. Engelman
21                                              Attorneys for Defendant AJR Films, Inc.

22

23

24

25

26

27

28
                                           13
                         JOINT STATUS CONFERENCE STATEMENT

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the County of San Francisco, State of California. I am over the age of

4

18 and not a party to the within action. My business address is EcoTech Law Group, P.C., 5 Third Street, Suite 700, San Francisco, CA 94103.

5

On **May 15, 2021,** I caused the document(s) described as:

6

**Bandara et al. v. Bonobos et al. – Case No. 20STCV31684**

7

JOINT STATUS CONFERENCE STATEMENT

8

to be served in this action by sending by serving a true copy thereof on Case Anywhere to interested parties as follows:

9

10

West Brands, LLC
AJR Films Inc.

11

12

I declare under penalty of perjury under the laws of the State of California that the

13

foregoing is true and correct.

14

Executed this **May 15, 2021,** at San Francisco, CA.

15

16

_____
Dara Tabesh

17

18

19

20

21

22

23

24

25

26

27

28

Page 1

**PROOF OF SERVICE**

REMOVAL EXHIBIT C PAGE 140

1

2

3

4

5

6

7

8

9

10

11

12

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL PEARSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>            v.<br><br>West Brands, LLC, a Delaware limited liability company; Very Good Touring, Inc., a California corporation; Kanye West, an individual; AJR Films Inc., a California corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: 20STCV31684<br>(related to Case No. 20STCV26420)<br><br>*Assigned to Hon. Carolyn B. Kuhl, Dept. 12*<br><br>**PROPOSED ORDER**<br><br>Complaint Filed:  August 20, 2020 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

[PROPOSED] ORDER

**[PROPOSED] ORDER**

After having considered Plaintiff's Request for Dismissal of Defendants Sayven Entertainment Corp. and Mill Ticket Entertainment, LLC, and the supporting Declaration of Dara Tabesh thereto,

IT IS HEREBY ORDERED AS FOLLOWS:

Defendants Sayven Entertainment Corp. and Mill Ticket Entertainment, LLC are hereby dismissed from this action <u>without prejudice</u>.

**IT IS SO ORDERED**

Dated:  May 18, 2021

By: _____
      Hon. Carolyn B. Kuhl
      Judge, California Superior Court
      Los Angeles County

2
[PROPOSED] ORDER

REMOVAL EXHIBIT C PAGE 142

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

[PROPOSED] ORDER

FRANK H. KIM (SBN 264609)
  fkim@kim-legal.com
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

HELEN U. KIM (SBN 260195)
  helen@helenkimlaw.com
**HELEN KIM LAW, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

DARA TABESH (SBN 230434)
  dara.tabesh@ecotechlaw.com
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

*ATTORNEYS FOR PLAINTIFF MICHAEL PEARSON*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL PEARSON, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>West Brands, LLC, a Delaware limited liability company; Very Good Touring, Inc., a California corporation; Kanye West, an individual; AJR Films Inc., a California corporation; and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No.: 20STCV31684<br>(related to Case No. 20STCV26420)<br><br>*Assigned to Hon. Carolyn B. Kuhl, Dept. 12*<br><br>**PLAINTIFF'S REQUEST FOR DISMISAL OF SAYVEN ENTERTAINMENT CORP. AND MILL TICKET ENTERTAINMENT LLC; DECLARATION OF DARA TABESH IN SUPPORT THEREOF**<br><br>Complaint Filed:  August 20, 2020 |

1

REQUEST FOR DISMISSAL

REMOVAL EXHIBIT C PAGE 144

## REQUEST FOR DISMISSAL

Pursuant to California Rules of Court, Rule 3.770, Plaintiffs hereby request dismissal of Defendants Sayven Entertainment Corp. and Mill Ticket Entertainment LLC. As set forth in the accompanying Declaration of Dara Tabesh below, upon Plaintiff's investigations, based on the information available at this time, Plaintiff does not believe that these Defendants should be named parties in this action, though Plaintiff requests dismissal without prejudice as to these Defendants in the event that new facts or information comes to light. (*See* Tabesh Declaration.)

No consideration, direct or indirect, was given for this dismissal. (Tabesh Declaration ¶ 5.)

Plaintiffs note that the matter is still in the pleadings stage.

Further, the Court has not waived fees or costs for a party in this case.

Plaintiffs are available to provide any other information at the Court's Request.

Dated: May 17, 2021                        **ECOTECH LAW GROUP, P.C.**

By: _____
    Dara Tabesh, Esq
    Attorneys for Plaintiffs

REMOVAL EXHIBIT C PAGE 145

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DARA TABESH

I, Dara Tabesh, declare as follows:

1.　　I am over the age of 18 and not a party to the action. I am an attorney at law, duly admitted and licensed to practice before all courts of this State and I am an attorney at EcoTech Law Group, P.C., 5 Third St., Ste. 700, San Francisco, CA 94103. I am one of the attorneys for Plaintiffs in this action, and my knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of the file, relevant court records, and communications with other Plaintiff's counsel. If called as a witness, I could and would competently testify thereto.

2.　　I submit this declaration in support of Plaintiffs' Requests for Dismissal of Defendants Sayven Entertainment Corp. and Mill Ticket Entertainment, LLC.

3.　　Specifically, Plaintiffs hereby request that Defendants Sayven Entertainment Corp. and Mill Ticket Entertainment, LLC be dismissed from this matter <u>without prejudice</u>.

4.　　Plaintiffs, based on its investigations no longer believe that either Defendant is an appropriately named party to this action.

5.　　No consideration was given to or from Plaintiffs or either Defendant in exchange for dismissal.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18th day of May 2021 in San Francisco, CA.

_____

Dara Tabesh

3

REQUEST FOR DISMISSAL

REMOVAL EXHIBIT C PAGE 146

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**20STCV31684**                                                    May 19, 2021
**MICHAEL PEARSON vs WEST BRANDS, LLC, et al.**                      11:30 AM

Judge: Honorable Carolyn B. Kuhl              CSR: None
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Frank H Kim (Telephonic) via LACC; Dara Tabesh (Telephonic) via LACC

For Defendant(s): Britany Michelle Engelman via LACC (Telephonic); Ashley Michelle Farrell

Pickett via LACC (Telephonic)

**NATURE OF PROCEEDINGS:** Further Status Conference

The matter is called for hearing.

The Court reads and considers the Joint Status Report filed on 5/17/2021.

The stays on discovery and pleadings are lifted.

If a motion is necessary, a pre-pleading conference is required and can be requested by a joint posting on the message board to the court.

Further Status Conference is scheduled for 09/08/2021 at 10:00 AM in Department 12 at Spring Street Courthouse.

A Joint Status Report is to be filed five days prior to the hearing.

Plaintiff is to provide notice.

REMOVAL EXHIBIT C PAGE 147

FRANK H. KIM (SBN 264609)
  fkim@kim-legal.com
**KIM LEGAL, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile: (866) 652-7819

HELEN U. KIM (SBN 260195)
  helen@helenkimlaw.com
**HELEN KIM LAW, APC**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 487-9151
Facsimile: (866) 652-7819

DARA TABESH (SBN 230434)
  dara.tabesh@ecotechlaw.com
**ECOTECH LAW GROUP, P.C.**
5 Third Street, Suite 700
San Francisco, CA 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

*ATTORNEYS FOR PLAINTIFF MICHAEL PEARSON*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL PEARSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>West Brands, LLC, a Delaware limited liability company; Very Good Touring, Inc., a California corporation; Kanye West, an individual; AJR Films Inc., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 20STCV31684<br>(related to Case No. 20STCV26420)<br><br>*Assigned to Hon. Carolyn B. Kuhl, Dept. 12*<br><br>**NOTICE OF RULING AND FURTHER STATUS CONFERENCE**<br><br>Date:  September 8, 2021<br>Time:  10:00 a.m.<br>Dept:  12<br>Place:  Spring Street Courthouse<br>     312 Spring Street<br>     Los Angeles, California 90012<br><br>Complaint Filed:  August 20, 2020 |

**TO ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on May 19, 26, 2021, the Status Conference came on before the Honorable Carolyn B. Kuhl in the Complex Litigation Program, Department 12, Spring Street Courthouse.  Frank H. Kim of Kim Legal, APC and Dara Tabesh of Ecotech Law Group, P.C. appeared on behalf of plaintiff Michael Pearson.   Ashley Ferrell Pickett of Greenberg Traurig LLP appeared on behalf of defendant West Brands, LLC and Brittney M. Engelman appeared on behalf of AJR Films, Inc.  The Court made the following rulings:

1.  The stays on discovery and pleadings are lifted;

2.  If a motion is necessary, a pre-pleading conference is required and can be requested by a joint posting on the message board to the court;

3.  A Further Status Conference is scheduled for 09/08/2021 at 10:00 AM in Department 12 at Spring Street Courthouse; and

4.  A Joint Status Report is to be filed five days prior to the hearing.


DATED: May 20, 2021          **KIM LEGAL, APC**
                             **HELEN KIM LAW, APC**
                             **ECOTECH LAW GROUP, PC**


                             By:  _____*/s/ Frank H. Kim*_____
                                  Frank H. Kim, Esq.
                                  Dara Tabesh, Esq.
                                  Helen U. Kim, Esq.
                                  Attorneys for Plaintiff

## PROOF OF SERVICE

**Pearson v. West Brands, LLC, et al.**
**20STCV31684**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. My business address is: 3435 Wilshire Blvd., Ste. 2700, Los Angeles, CA 90010

On May 20, 2021, I served true copies of the following document(s) described as:

**1. FIRST NOTICE OF RULING AND FURTHER STATUS CONFERENCE**

on the interested parties in this action as follows**:**

| | |
|---|---|
| Ashley Farrell Pickett, Esq. | Britany M. Engelman Hicks, Esq. |
| Bryan W. Patton, Esq. | **Engelman Law, APC** |
| **GREENBERG TRAURIG, LLP** | 9595 Wilshire Blvd., Suite 900 |
| 1840 Century Park East, Suite 1900 | Beverly Hills, CA 90212 |
| Los Angeles, CA 90067-2121 | Email: bme@engelmanlawfirm.com |
| Email: farrellpicketta@gtlaw.com | *Attorneys for AJR FILMS, INC* |
| Email: pattonbw@gtlaw.com | |
| *Attorneys for WEST BRANDS, LLC* | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be uploaded via Case Anywhere per the Court's Order Authorizing Electronic Service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 20, 2021, at Los Angeles, California.

_____
Frank Kim

NOTICE OF RULING AND FURTHER STATUS CONFERENCE

REMOVAL EXHIBIT C PAGE 150

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Terrine Pearsall, am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067.**

On June 21, 2021, I served the **DEFENDANTS' JOINT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332(d) AND 1453** on the interested parties in this action as follows:

| | |
|---|---|
| Frank H. Kim, Esq.<br>Kim Legal, APC<br>3435 Wilshire Blvd., Suite 2700<br>Los Angeles, CA 90010<br>Attorneys for Plaintiff Michael Pearson | Britany M. Engelman Hicks, Esq.<br>Engelman Law, APC<br>9595 Wilshire Blvd., Suite 900<br>Beverly Hills, CA 90212<br>Attorneys for AJF Films, Inc. |
| Helen U. Kim, Esq.<br>Helen Kim Law, APC<br>3435 Wilshire Blvd., Suite 2700<br>Los Angeles, CA 90010<br>Attorneys for Plaintiff Michael Pearson | Dara Tabesh, Esq.<br>Ecotech Law Group, P.C.<br>5 Third Street, Suite 700<br>San Francisco, CA 94103<br>Attorneys for Plaintiff Michael Pearson |

☒ **(BY MAIL)**

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 21, 2021, at Los Angeles, California.

/s/ Terrine Pearsall
Terrine Pearsall

*ACTIVE 58310074v1*