## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-5022-GW-KSx | Date | November 30, 2022 |
| Title | *Michael Pearson v. West Brands, LLC, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**   **IN CHAMBERS - TENTATIVE RULING ON MOTION FOR LEAVE TO WITHDRAW AS DEFENDANTS' COUNSEL [22]**

Attached hereto is the Court's Tentative Ruling on the Motion for Leave to Withdraw as Defendants' Counsel [22], set for hearing on December 1, 2022 at 8:30 a.m.

:

Initials of Preparer   JG

***Pearson v. West Brands, LLC, et al.***, Case No. 2:21-cv-05022-GW-(KSx)
Tentative Ruling on Motion for Leave to Withdraw as Counsel

The law firm of Greenberg Traurig, LLP ("Counsel"), counsel for defendants West Brands, LLC ("WB"), Very Good Touring, Inc. ("VGT"), and Kanye West ("West"), moves to withdraw as counsel. Plaintiff Michael Pearson ("Plaintiff") filed an express non-opposition to the motion, though he has: 1) asked that the Court place a time limit on the appearance of any new defense counsel in this action or on West's decision to appear *in pro per*, if he so chooses, and 2) advised that if the Court lifts the stay in this matter, he will file a motion for remand and, to the extent necessary, conduct discovery relevant to such a motion. *See* Docket No. 24.

As an initial matter, Counsel's motion provides proper notice, under Central District of California Local Rule 83-2.3.4, to Counsel's entity clients, WB and VGT. *See* Docket No. 22, at 1:13-19 (providing notice to WB and VGT that they may not appear *pro se* and indicating that if these defendants fail to obtain new counsel, "actions may be taken against you," and that "[y]ou may lose your case"); *see also id.* at 4:16-17;[1] Declaration of Ashley Farrell Pickett in Support of Motion for Leave to Withdraw as Counsel ("Pickett Decl."), Docket No. 22-1, ¶ 4; Docket No. 23 (Proof of Service). It also provides written notice to West in compliance with Local Rule 83-2.3.2. *See* Docket No. 22, at 1:20-27; *see also id.* at 4:16-17; Pickett Decl., ¶ 4; Docket No. 23.

As for the merits of the motion, the Court's Local Rules state that "[a]n attorney may not withdraw as counsel except by leave of court," and that a motion seeking such end "must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. Also, "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." C.D. Cal. L.R. 83-2.3.5.

Counsel has not yet given the Court any information as to why its client's/clients' conduct has rendered it "unreasonably difficult" for Counsel to carry out representation effectively or how one or more of its clients has breached a material term of any agreement

---

[1] Counsel's motion has two pages numbered "1" and two pages numbered "2." As a result, the Court refers to the page numbers provided by its CM/ECF system instead.

with Counsel, although those are the provisions that Counsel generally cites for the withdrawal it seeks here. *See* Docket No. 22 at 4:2-9, 4:13-14; Pickett Decl., ¶ 3; *see also* Cal. R. Prof. Conduct 1.16(b)(4), (5); Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2022) § 12:192 (noting that, in considering such motions, "[f]ederal courts generally look to applicable state rules of professional conduct").[2] Instead, seeking to avoid prejudice to its clients, Counsel "seeks to limit detailing the conduct leading to [its] request" to withdraw, but offers that it "will provide additional details to the Court *in camera* if necessary." Docket No. 22, at 4:14-15; *see also* Pickett Decl., ¶ 3.

Beyond the good cause issue lie the questions of delay and/or prejudice. Counsel notes that the matter is stayed until December 14, 2022, and that there are no deadlines on-calendar in the case other than a December 22, 2022, Rule 26(f) scheduling conference (with a scheduling conference report due from the parties by December 19, 2022). *See* Docket No. 21. Because of this, Counsel asserts that its clients will not be prejudiced by Counsel's withdrawal. As for Plaintiff's views regarding any resulting delay, again, he does not oppose this motion (but wants a deadline set for new appearances and indicates that he will file a motion to remand if the stay is lifted).

Of course, if WB and VGT do not obtain new counsel, delay is not a likely result – instead, in all likelihood those defendants' defaults would eventually be taken and default judgments entered against them. As for West, he will either need to indicate that he is representing himself or identify, and substitute-in, new counsel. *See* C.D. Cal. L.R. 83-2.3.3. Failure to take one of those steps would eventually likewise lead to default/default judgment for him as well. In order to avoid delay, the Court would set a deadline by which WB and VGT secure new counsel and by which West indicates whether he will be representing himself or has instead secured new counsel. Plaintiff has suggested a deadline, for new appearances (by counsel and/or West appearing *pro se*) of 30 days from the date of any order granting Counsel's motion.

Before granting the motion, the Court likely would require Counsel to provide further information *in camera* regarding its reason(s) for seeking withdrawal. If it is then

---

[2] There is at least some suggestion that a cessation of communication may be at least one driving force behind the instant motion. *See* Docket No. 22, at 4:16-19 & n.1.

satisfied that it should grant the motion, the Court would set dates for the defendants to secure new counsel or indicate an election – where permitted – to proceed without counsel, as discussed *supra*.